ED RICE, Plaintiff v. WILLIAM RIGSBY, Defendant.

(Filed 29 April, 1964.)

APPEAL by defendant from *Huskins, J.,* August 1963 Session of MADISON.

This case is the companion to *Davis v. Rigsby, ante* 684. The allegations in the two complaints, except as to the damages, are identical. The two cases were consolidated for trial below but, on appeal, two substantially identical transcripts were filed and each was docketed as a separate case. Reference is made to the opinion in *Davis v. Rigsby, supra,* for the details of pleadings and evidence omitted herein.

Upon the trial, plaintiff Rice testified that he was sixty-eight years old and a second cousin of the twenty-four year old defendant. Before going to the Marshall Skating Rink the two had gone to Pike's place just across the Buncombe County line and purchased "two six-packs of small cans of beer." At the skating rink each drank three cans during the evening. Plaintiff insisted that he himself drank only three cans. He said he did not actually know how many defendant had consumed but he did not act drunk and "was not too far along" when they left with Davis and Johnson at 10:00 p.m. All the beer had been consumed by someone though plaintiff insisted that defendant was neither drunk nor under the influence of an intoxicant. On an adverse examination conducted prior to the trial, plaintiff had testified that he and the defendant together drank twelve cans of beer prior to the accident; that he himself felt the beer he had consumed; and that he knew the defendant was under the influence.

Plaintiff's version of events immediately preceding the upset was that defendant entered the Marshall Bypass from the Walnut Creek Road, an intersection controlled by a stop sign, at a speed of from sixty to sixty-five miles an hour. Then, for the first time, he said, "Bill you had better slow down, you are going to kill us." This was "a thought or two" before the car turned over. Defendant was called as a witness by plaintiff and, after testifying that he had had nothing at all to drink that night, said that at the time he ran off the road "Ed Rice was cutting up in my car. He was punching at me, hitting me on the shoulder and ribs, and I reckon he was having fun."

At the conclusion of plaintiff's evidence, which was all the evidence, defendant's motion for nonsuit was overruled. The jury answered the issues of negligence, contributory negligence, and damages in favor of the plaintiff. From judgment entered on the verdict defendant appealed assigning as error the denial of his motion for judgment as of nonsuit.

*A. E. Leake for plaintiff.*
*Williams, Williams & Morris for defendant.*

PER CURIAM. The testimony of both plaintiff and defendant that defendant was neither drunk nor under the influence of any intoxicant at the time his automobile overturned and injured plaintiff is set at naught by the allegation in plaintiff's complaint that defendant was operating his motor vehicle while under the influence of an intoxicating beverage and that such operation was the proximate cause of his injuries. The opinion in *Davis v. Rigsby, supra,* is controlling here. The motion for nonsuit should have been allowed.

Reversed.