SOUTHERN NATIONAL BANK OF NORTH CAROLINA, ADMINISTRATOR OF THE ESTATE OF LACY OXENDINE, DECEASED v. HENRY LINDSEY.

(Filed 2 June, 1965.)

**1. Automobiles § 41a—**

Evidence tending to show that defendant drove off the highway at a slight curve, bounced down a drainage ditch some 484 feet before bringing the truck to a stop in an undamaged and upright position, that defendant's passenger was thrown from the truck to his fatal injury and that shortly after the accident defendant was too intoxicated to walk unaided, *held* sufficient to sustain plaintiff's allegations that defendant was guilty of reckless driving, G.S. 20-140, constituting negligence *per se.*

**2. Automobiles § 49—**

Plaintiff's own evidence, considered in the light most favorable to plaintiff, compelled the consideration that plaintiff's intestate and defendant had been drinking together for a considerable time, and that intestate voluntarily rode with defendant and was thrown from the vehicle to his fatal injury as the result of the culpably negligent operation of the vehicle. There was no evidence that intestate was too drunk to know what was going on. *Held:* The evidence discloses contributory negligence as a matter of law on the part of intestate in voluntarily riding and in continuing to ride with an intoxicated driver.

APPEAL by plaintiff from *Mallard, J.,* January 1965 Civil Session of ROBESON.

Action *ex delicto* to recover damages for an alleged wrongful death. G.S. 28-173, -174.

From a judgment of compulsory nonsuit entered at the close of plaintiff's evidence, it appeals.

*Joseph C. Ward, Jr., for plaintiff appellant.*
*Anderson, Nimocks & Broadfoot by Henry L. Anderson for defendant appellee.*

PER CURIAM. Plaintiff's evidence shows these facts: About 12:15 p.m. on Sunday, 23 February 1964, David O. Pearce, a State Highway patrolman, arrived at the scene of a motor vehicle accident on Rural Paved Road #1150 about five miles north of the town of Rowland. "Rural Paved Road 1150 runs generally north and south, or northwest to southeast, it is crooked, runs all kinds of ways." He saw there a 1960 GMC log and pulpwood truck, owned by defendant, headed south, upright on its wheels, on the west side of the road with its left wheels in a drainage ditch of the highway and its right wheels in a field beyond the drainage ditch. There was no damage to the truck. The door on the driver's side was open; the door on the right was closed. Defendant was leaning against his truck, his "tongue was thick," his eyes

were bloodshot, he could not walk without aid, and he was drunk. The warm body of Lacy Oxendine, plaintiff's intestate, a 45-year-old man, was lying to the left of the truck and about 75 feet behind it. Tire tracks went back up the ditch 484 feet from the back wheels of the truck to where it ran off the hard-surfaced part of the road. The ditch was about 18 inches deep. Pearce testified: "The ditch was kind of V-shape ditch and the wheels would bounce from side to side; for a distance dragged on one side and for a distance on the other, bouncing from side to side." The truck ran off the road on a slight curve. He asked defendant who was driving the truck. Defendant pointed to Lacy Oxendine's body, and said, "He was." He talked to defendant in jail three or four hours later. At that time defendant had sobered up "pretty well." There defendant told him he could not tell a lie, he was driving the truck at the time of the accident, that Lacy Oxendine was in the truck with him, that they had been together all night and all day and had been drinking liquor together, and he did not know how the accident occurred.

J. A. Thompson, a deputy sheriff of Robeson County, arrived at the scene a few minutes before Pearce arrived. Defendant was there, and he was "obviously drunk." He assisted him to walk to his car, and carried him to jail in Rowland. Before reaching Rowland five miles from the scene, defendant's head dropped over on the seat of the car, and he went to sleep.

The parties stipulated that Lacy Oxendine died as a result of the injuries he received in the accident and that the maximum speed limit on Rural Paved Road #1150 was 45 miles per hour at the time and place complained of.

Plaintiff alleges in his complaint that defendant was guilty of negligence in the operation of his truck, which proximately caused its intestate's death, in the following respects: (1) He operated his truck in a reckless manner in violation of G.S. 20-140; (2) he operated his truck at a speed greater than was reasonable and prudent under the attendant circumstances and without keeping a proper lookout; (3) he operated his automobile at a speed in excess of a posted speed limit of 45 miles an hour; and (4) he operated his truck in such a manner and at such a speed as to be incapable of keeping it on the paved part of the road.

Defendant in his answer denies that he was driving the truck at the time of the accident, and avers that Lacy Oxendine was driving it at such time. And by way of a further answer and defense, he alleges that if he was driving the truck at the time of the accident, which he denies, he was drunk to such an extent that his ability to operate a motor vehicle was materially impaired, that Lacy Oxendine knew his drunken condition when he voluntarily got into the truck as a passenger and

rode with him without protest, that such conduct on the part of Lacy Oxendine constituted negligence which proximately contributed to his injuries and death, and bars any recovery by his administrator.

Plaintiff has no evidence as to the speed of the truck at the time of the accident, or just before it. Its evidence shows the truck, after bouncing down the drainage ditch 484 feet, stopped upright on its wheels, and undamaged. All of plaintiff's evidence shows that defendant was operating his truck on the public highway in a drunken condition, when his mental and physical faculties were materially impaired. A person drunk by the use of intoxicating liquor is necessarily under the influence of intoxicating liquor within the intent and meaning of G.S. 20-138. *S. v. Painter,* 261 N.C. 332, 134 S.E. 2d 638. It is negligence *per se* for a person to operate an automobile while under the influence of intoxicating liquor upon a public highway of the State. G.S. 20-138; *Watters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1. All of plaintiff's evidence compels the necessary inference that his drunken condition was the cause of his perilous operation of his truck in driving it off the road on a slight curve into a drainage ditch, and then bouncing down the ditch 484 feet, which resulted in Lacy Oxendine falling out of the truck and receiving injuries proximately resulting in his death. That defendant's such perilous operation of his truck in a drunken condition constituted a driving of it upon the public highway without due caution and circumspection and in a manner so as to endanger persons or property, and was reckless driving within the intent and meaning of G.S. 20-140 (b). The language of subsections (a) and (b) of G.S. 20-140 "constitutes culpable negligence." *Dunlap v. Lee,* 257 N.C. 447, 126 S.E. 2d 62. A violation of either of the two subsections of G.S. 20-140 is negligence *per se. Stegall v. Sledge,* 247 N.C. 718, 102 S.E. 2d 115. Plaintiff's evidence manifestly shows that defendant was guilty of negligence *per se* in operating his truck in a reckless manner in violation of G.S. 20-140 (b), which was a proximate cause of plaintiff's intestate's death, as alleged in the complaint. Plaintiff's complaint was verified on 2 September 1964. It seems clear that plaintiff did not allege that defendant was negligent in operating his truck while drunk or under the influence of intoxicating liquor by reason of the decision in *Davis v. Rigsby,* 261 N.C. 684, 136 S.E. 2d 33 (29 April 1964).

Plaintiff's evidence is that his intestate and defendant had been together all night and all day, and had been drinking liquor together. There is no evidence to the effect that its intestate was too drunk to know what was going on. In our opinion, and we so hold, plaintiff's own evidence, considered in the light most favorable to it, leads to the unescapable conclusion that its intestate knew that defendant was drunk from drinking intoxicating liquor to a degree that he was incapable of

safely operating his truck on a public highway at the time he voluntarily placed himself in a position of extreme danger known to him by entering defendant's truck and voluntarily riding with defendant who was driving it on a public highway, and that plaintiff's intestate, by voluntarily continuing to ride with defendant in his truck under such circumstances and conditions as would have impelled an ordinarily prudent man in the exercise of ordinary care for his own safety to stay out of the truck, which was being driven by a drunken driver, committed an act of continuing negligence which proximately contributed to his injuries and death as a matter of law, and which bars any recovery by his administrator for his death. This is in line with our decisions in *Davis v. Rigsby, supra; Rice v. Rigsby,* 261 N.C. 687, 136 S.E. 2d 35; *Tew v. Runnels,* 249 N.C. 1, 105 S.E. 2d 108.

*Randall v. Rogers,* 262 N.C. 544, 138 S.E. 2d 248, relied on by plaintiff, is factually distinguishable, in that, *inter alia,* plaintiff got in defendant's automobile parked at the Moose Lodge, went to sleep, and the next thing he remembered was waking up next day in a hospital hurting all over. He did not know of his own knowledge who drove the car off, or who was driving it at the time of the accident.

The judgment of compulsory nonsuit is
Affirmed.