CHARLES CONWAY v. CONTINENTAL TIMBERS, INC.

No. 693SC464

(Filed 17 December 1969)

**1. Appeal and Error § 59— matters on review — judgments on motion to nonsuit**

In passing upon whether a judgment of nonsuit was properly granted, all the evidence which supports the plaintiff's claim must be taken as true and considered in the light most favorable to him, resolving all discrepancies and contradictions in his favor and giving him the benefit of every reasonable inference which legitimately may be drawn therefrom.

**2. Negligence § 29; Automobiles § 61— accident — backing — improper use of forklift**

In an action to recover for injuries received by plaintiff when a motorized forklift operated by defendant's employee backed into the vehicle driven by plaintiff, evidence tending to show that the employee was operating the forklift at a speed in excess of that which was prudent under the existing conditions and that he failed to keep a reasonably careful lookout while backing, *held* sufficient to establish a *prima facie* case of the employee's negligence.

**3. Negligence § 35— contributory negligence — nonsuit**

When opposing inferences are possible from plaintiff's evidence, nonsuit on the basis of contributory negligence as a matter of law should be denied.

**4. Negligence § 35— contributory negligence — nonsuit**

Nonsuit for contributory negligence is proper only if plaintiff's evidence, considered in the light most favorable to him, so clearly establishes his own negligence as one of the proximate causes of his injury that no other reasonable inference may be drawn therefrom.

**5. Negligence § 35— contributory negligence — nonsuit — accident with forklift**

In an action to recover for injuries received by plaintiff when a motorized forklift operated by defendant's employee backed into the motorized vehicle driven by plaintiff, plaintiff's evidence tending to show that he drove his unlighted vehicle from behind a row of trucks into the employee's path of travel without warning or notice and without maintaining a proper lookout, *held* not to justify a finding of contributory negligence as a matter of law, where the evidence also tended to show that plaintiff emerged from the row of trucks in a prudent manner and stopped immediately upon seeing the employee's vehicle traveling toward him.

**6. Principal and Agent § 4— proof of agency — negligence of forklift operator**

There was sufficient evidence to support a jury finding that the operator of a forklift was the agent and employee of a corporate defendant at the time the operator backed into a vehicle driven by plaintiff, where the president of defendant testified that the operator was employed by defendant on the day of the accident and was "running the show."

APPEAL by plaintiff from *Cowper, J.,* March 1969 Session of CARTERET Superior Court.

This is a civil action in which the plaintiff, Charles Conway, brought suit for personal injuries sustained as a result of a collision which occurred on the premises of the Port Terminal of the North Carolina State Ports Authority in Morehead City, North Carolina, on 29 November 1965.

The plaintiff was operating a "mule," a motorized vehicle, and the alleged employee of the defendant, R. S. Durham, was operating a forklift on West Road at the time of the collision. The plaintiff was employed by the North Carolina State Ports Authority as a watchman and was acting in this capacity at the time of the injury.

Evidence presented by the plaintiff tended to show that the plaintiff was driving to various warehouses for the purpose of turning on lights as darkness was approaching; that he proceeded down West Road in a southern direction, West Road having a row of covered Marine trucks parked in the middle; that having reached the front of the row of trucks, he edged out from the front until his vision was not blocked as he looked to his right; that he saw movement to his right and immediately stopped; that he saw a forklift driven by

Durham coming at him fifteen to eighteen feet away at a speed in the opinion of the plaintiff to be twenty miles per hour; that the forklift was backing toward him with Durham looking down at his right rear wheel; that the plaintiff attempted to put the "mule" in reverse but was unable to before impact, and that as a result of the collision the plaintiff suffered injury to his spine when the "mule" turned over and plaintiff was struck by a loose battery.

At the close of the plaintiff's evidence, the defendant's motion for judgment of nonsuit was granted and the plaintiff appeals.

*Nelson W. Taylor for plaintiff appellant.*

*Wheatley and Mason by C. R. Wheatley, Jr., for defendant appellee.*

VAUGHN, J.

[1]    The question presented by this appeal is whether the judgment of nonsuit was properly granted. In passing upon this question it is elementary that all the evidence which supports the plaintiff's claim must be taken as true and must be considered in the light most favorable to him, resolving all discrepancies and contradictions in his favor and giving him the benefit of every reasonable inference which legitimately may be drawn therefrom. *Clarke v. Holman,* 274 N.C. 425, 163 S.E. 2d 783.

[2]    The evidence presented by the plaintiff tended to show that the defendant was negligent in several respects, including that Durham was operating his forklift at a speed in excess of that which was prudent under the existing conditions, that Durham failed to keep a reasonably careful lookout, and that he was backing his vehicle. We shall refrain from a discussion of the evidence but suffice to say that we are of the opinion that the plaintiff established a *prima facie* case which, nothing else appearing, should have been presented to the jury.

> "It is a general rule of law that the operator of a motor vehicle must exercise ordinary care, that is, that degree of care which an ordinarily prudent person would exercise under similar circumstances. And in the exercise of such duty it is incumbent upon the operator of a motor vehicle to keep same under control, and to keep a reasonably careful lookout, so as to avoid collision with persons and vehicles upon the highway. This duty also requires that the operator must be reasonably vigilant, and that he must anticipate and expect the presence

of others." *Adams v. Service Co.*, 237 N.C. 136, 74 S.E. 2d 332. "It is the duty of a driver not merely to look but to keep a lookout in the direction of travel; and he is held to the duty of seeing what he ought to have seen." *Wall v. Bain*, 222 N.C. 375, 23 S.E. 2d 330.

[3-5] It is a well-established rule that when opposing inferences are possible from the plaintiff's evidence, nonsuit on the basis of contributory negligence as a matter of law should be denied. *Atwood v. Holland*, 267 N.C. 722, 148 S.E. 2d 851. Nonsuit is proper only if plaintiff's evidence, considered in the light most favorable to him, so clearly establishes his own negligence as one of the proximate causes of his injury that no other reasonable inference may be drawn therefrom. *Anderson v. Carter*, 272 N.C. 426, 158 S.E. 2d 607. What then did the evidence in this case disclose? In the light most favorable to the plaintiff it tends to show that as the plaintiff came past the trucks about six feet, he was barely moving, that he edged out until he could see to his right and that he stopped at the moment he saw movement to his right; that he saw the forklift about fifteen to eighteen feet from him backing toward him; that he tried to get the "mule" in reverse but could not do so by the time the forklift struck the right front of the "mule."

[5] We do not think from this evidence the negligence of the plaintiff is so clearly established that no other reasonable inference or conclusion can be drawn. The evidence is sufficient to support a jury determination that the plaintiff proceeded in a prudent manner past a row of trucks that were obstructing his vision of an intersection and that having passed the intersection he stopped immediately upon seeing a vehicle coming in his direction. The unfavorable aspects of the plaintiff's evidence would tend to show that the plaintiff was proceeding in a vehicle not equipped with lights and that without warning or notice and without maintaining a proper lookout drove his vehicle into Durham's path of travel. There are, therefore, opposing inferences that can be gleaned from the plaintiff's evidence and the issue is then in the province of the jury.

[6] The only remaining basis upon which the judgment of nonsuit could have been properly entered is failure of the plaintiff to offer sufficient evidence of agency to support a jury finding of agency. We are of the opinion that there was sufficient evidence that Durham was acting as the agent and servant of the defendant to repel nonsuit.

In *Scott v. Lee*, 245 N.C. 68, 95 S.E. 2d 89, the Supreme Court quoted from the brief of the plaintiff approving his apt statement:

"Plaintiff does not contend that the only inference which can be drawn from the evidence shows the defendant to be the owner of said Ford truck, but to the contrary the plaintiff realizes the evidence and reasonable inferences to be drawn therefrom are in conflict, and therefore the trial judge usurped the province of the jury by refusing to allow them to pass on the issues."

The facts of that case differ as the plaintiff was relying on G.S. 20-71.1(a) to take his case to the jury, but the quoted statement is applicable to the case at bar. The ultimate issue for the jury is whether the operator was in fact the agent of the defendant and then and there acting within the scope of his agency. *Whiteside v. McCarson*, 250 N.C. 673, 110 S.E. 2d 295. The burden is on the plaintiff to offer evidence upon which a jury determination can be supported. In the light most favorable to the plaintiff evidence offered at trial tended to show by the testimony of Walter H. Zinglemann, President of Continental Timbers, Inc., that on 29 November 1965 Durham was employed by the defendant and that he was "running the show." Witnesses J. C. Steele and Thurston Rice testified that earlier on that day they had seen Durham working in and about the defendant's warehouses driving a forklift and that they knew him to be an employee of the defendant. It would not be an unsupportable determination for the jury to conclude that Durham was an employee of the defendant and that he was operating the forklift in the course of his employment.

For the foregoing reasons we hold that the involuntary nonsuit was improperly granted and that the plaintiff is entitled to a

New trial.

BROCK and BRITT, JJ., concur.