SHIRLEY SMITH HINSON v. NORMAN EUGENE SPARROW

No. 748SC163

(Filed 15 May 1974)

**Automobiles § 61— negligence while backing**

   Plaintiff's evidence was sufficient for the jury on the issue of defendant's negligence in the form of improper lookout or excessive speed when he backed into plaintiff's car while attempting to leave a parking space.

APPEAL by plaintiff from *James, Judge,* at the 10 September 1973 Session of LENOIR Superior Court.

Heard in the Court of Appeals 18 April 1974.

This is a civil action for the recovery of damages for personal injuries, medical expenses and loss of wages suffered by the plaintiff as the result of an automobile collision. On 2 April 1971 the plaintiff was sitting on the passenger side of the front seat of her automobile which was lawfully parked on Queen Street in Kinston, North Carolina. Plaintiff was waiting for her husband who was transacting some business in a nearby store. The defendant's car was parked directly in front of the plaintiff's car. The defendant, in attempting to leave his parking place, backed into plaintiff's car.

As a result of the collision, the bumper on plaintiff's car was dented and the front end was knocked out of alignment. The plaintiff stated that after the accident she suffered severe pains in her back and legs which required extensive medical care. Dr. Davenport and Dr. Langley testified as to their treatment of plaintiff after the accident and as to her preexisting back condition, which may have been aggravated by the accident.

The defendant testified that in backing up to get out of his parking place, he moved only two to three feet, that in doing so he never used the accelerator; that he looked back before moving and then idled back until he made contact lightly with plaintiff's car; that the only damage apparent to plaintiff's car was a scratch on the bumper, and that the plaintiff got out of the car unharmed and talked with him and even got down on her hands and knees to inspect the bumper.

At the close of all the evidence, defendant moved for a directed verdict under G.S. 1A-1, Rule 50, on the grounds that

the evidence taken in the light most favorable to the plaintiff failed to establish actionable negligence. The trial court granted defendant's motion, and plaintiff appealed.

*Turner and Harrison by Fred W. Harrison for plaintiff appellant.*

*Jeffress, Hodges, Morris & Rochelle, P.A. by Thomas H. Morris for defendant appellee.*

CAMPBELL, Judge.

The issue of the credibility of plaintiff's damages was not or should not have been before the trial judge on a motion for directed verdict. The jury and not the judge passes on credibility. The question is whether the plaintiff has offered enough evidence to permit a legitimate inference of negligence on the part of the defendant. We hold that the evidence as to defendant's backing up and the damage to plaintiff and her car presented a legitimate inference of negligence in the form of improper lookout or excessive speed, or both. See *Conway v. Timbers, Inc.,* 7 N.C. App. 10, 171 S.E. 2d 62 (1969), *cert. denied,* 276 N.C. 183 (1970) ; *Murray v. Wyatt,* 245 N.C. 123, 95 S.E. 2d 541 (1956). See also annotations on the backing of automobiles at 67 A.L.R. 647, 63 A.L.R. 2d 5, 63 A.L.R. 2d 108, and 63 A.L.R. 2d 184.

Reversed.

Judges MORRIS and VAUGHN concur.