Bigelow v. Johnson and Johnson v. Millican

MICHAEL D. BIGELOW, by Guardian ad Litem, JOHN JOSEPH BIGELOW v.
JEFFREY D. JOHNSON, JAMES MARION MILLICAN and MILLICAN
CONSTRUCTION COMPANY; JEFFREY D. JOHNSON v. JAMES MA-
RION MILLICAN and MILLICAN CONSTRUCTION COMPANY

No. 8018SC53

(Filed 7 October 1980)

1. **Automobiles §§ 13, 73–flashlight on motorcycle – no lighted headlamp – contributory negligence as a matter of law**

    A five-cell flashlight taped to the handlebars of plaintiffs' motorcycle did not meet the qualifications implicit in the definition of the term headlamp; therefore, in an action to recover for injuries sustained in an accident between an automobile and plaintiffs' motorcycle, the trial court properly directed verdicts in favor of defendants because plaintiffs' failure to have a lighted headlamp as required by law constituted contributory negligence as a matter of law.

2. **Automobiles § 13– headlamp on motor vehicle – specific design and position required**

    The requirement of G.S. 20-131 that a motor vehicle headlamp be "so constructed, arranged, and adjusted" to produce visibility of a person 200 feet ahead indicates that the General Assembly intended that a headlamp be a certain type of specifically designed and positioned light, not merely any object which would illuminate the road for a minimum distance.

Judge WEBB dissenting.

APPEAL by plaintiffs from *Lupton, Judge.* Judgments entered 21 September 1979 in Superior Court, GUILFORD County. Heard in the Court of Appeals 4 June 1980.

These actions arose out of a collision between a motorcycle driven by Jeffrey D. Johnson and an automobile operated by James Marion Millican and registered to Millican Construction Company. Michael D. Bigelow was a passenger on the motorcycle.

Bigelow, through his guardian ad litem, brought a claim for personal injuries against Johnson,[1] Millican, and Millican Construction Company. Johnson crossclaimed against Millican and Millican Construction Company for contribution, personal injury, and property damage. Millican and Millican Construction

---

1. Johnson's mother was appointed his guardian ad litem; while the suits were pending he reached his majority and the court granted his motion to continue the action in his own name.

Bigelow v. Johnson and Johnson v. Millican

Company crossclaimed against Johnson for contribution and counterclaimed for property damage to the automobile. The claims were consolidated for trial.

The undisputed evidence shows that on 25 November 1976, Bigelow, aged fifteen, was visiting at the home of Johnson, who was sixteen years old. Johnson and Bigelow desired to go to another friend's home on Johnson's motorcycle, but Johnson had discovered earlier in the day that the headlamp of his vehicle was not working. Bigelow suggested that they attach a flashlight to the motorcycle as a substitute for the headlamp. They taped a five-cell flashlight to the stablizer bar between the handlebars, approximating the location of the original headlamp. They agreed that the flashlight projected light comparable to that of the original equipment and that it would provide adequate light for their trip.

At about 7:00 p.m., after dark, plaintiffs were proceeding east on Cornwallis Drive in Greensboro, North Carolina, at a speed of approximately 30 m.p.h. in a 35 m.p.h. zone. Defendant Millican pulled out of a parking lot of a 7-Eleven store on the south side of Cornwallis Drive, turning west onto that street. The automobile and the motorcycle collided, damaging the front end of each vehicle and injuring the plaintiffs.

Johnson testified that he saw the automobile, attempted to stop, and gave a verbal warning to Bigelow to "hold on."

Millican testified that he checked for lights and other vehicles in both directions as he left the parking lot at a speed of 5 to 10 m.p.h. He did not see the motorcycle until after the impact.

At the close of all evidence the trial judge granted directed verdicts for all defendants in the personal injury actions on grounds of contributory negligence as a matter of law. Millican Construction Company and Johnson reached a settlement as to the cross action for property damage to the automobile and filed notice of dismissal with prejudice. Plaintiffs appeal the granting of defendants' motions for directed verdict.

*Parker and West, by Gerald C. Parker, for plaintiff appellant Bigelow.*

*Shope, McNeil and Maddox, by E. Thomas Maddox, Jr., for plaintiff appellant Johnson.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Lindsay R. Davis, Jr., for defendant appellee Johnson.*

*Perry C. Henson and Jack B. Bayliss, Jr. for defendant appellees James Marion Millican and Millican Construction Company.*

MARTIN (Harry C.), Judge.

[1] The directed verdicts in favor of the defendants should be affirmed because the plaintiffs' failure to have a lighted headlamp as required by law constitutes contributory negligence as a matter of law.

N.C.G.S. 20-129(c) provides:

> Headlamps on Motorcycles. — Every motorcycle shall be equipped with at least one and not more than two headlamps which shall comply with the requirements and limitations set forth in G.S. 20-131 or 20-132. The headlamps on a motorcycle shall be lighted at all times while the motorcycle is in operation on highways or public vehicular areas.

The section of N.C.G.S. 20-131 pertinent to this appeal provides:

> (a) The headlamps of motor vehicles shall be so constructed, arranged, and adjusted that . . . they will at all times mentioned in G.S. 20-129, and under normal atmospheric conditions and on a level road, produce a driving light sufficient to render clearly discernible a person 200 feet ahead [amended to 400 feet in 1979] . . . .

[1,2] We note that although the above quoted statute does not define "headlamp," it demands not only that a headlamp "produce a driving light sufficient to render clearly discernible a person 200 feet ahead," but that it be "so *constructed, arranged,* and *adjusted*" to produce such visibility. (Emphasis added.) From this requirement one must conclude that the General Assembly intended that a headlamp be a certain type of specifically designed and positioned light, not merely any object which would illuminate the road for a minimum distance. Webster's Third New International Dictionary 1042 (1971) refers the definition of "headlamp" to "headlight . . .: a light usu. having a reflector and special lens and mounted on the front of a . . .

motor vehicle for illuminating the road ahead." A flashlight taped on the handlebars of a motorcycle does not meet the qualifications implicit in the definition or the common usage of the term headlamp.

If the General Assembly had intended for motorcycles to be equipped with merely any type of temporary light of the requisite power, it would not have used the term "headlamp," but rather would have employed language similar to that which requires bicycles to "be equipped with a lighted *lamp* on the front thereof ...." N.C. Gen. Stat. 20-129(e) (emphasis added). While the statute does not expressly describe the specifications for headlamps, it differentiates them from lamps on bicycles (N.C.G.S. 20-129(e)), rear lamps (N.C.G.S. 20-129(d)), lights on other vehicles (N.C.G.S. 20-129(f)), spot lamps (N.C.G.S. 20-130(a)), and auxiliary driving lamps (N.C.G.S. 20-130(b)). N.C.G.S. 20-131(b) specifies the level to which the beam of the headlamp must be adjusted. This would imply a permanently adjusted fixture, not a make-shift attachment.

"The lights required by our statute [N.C.G.S. 20-129] serve two purposes: first, to enable the operator of the automobile to see what is ahead of him; second, to inform others of the approach of the automobile." *Reeves v. Campbell*, 264 N.C. 224, 227, 141 S.E.2d 296, 298 (1965). The fact that N.C. G.S. 20-129(c) requires motorcyclists to have their headlamps lighted "at all times while the motorcycle is in operation on highways or public vehicular areas" emphasizes the importance of the warning function with regard to this type of motor vehicle. A motorcycle's size and potential speed make it more difficult for other drivers to identify readily, and the absence of a standard lighted headlamp can make its approach dangerously deceptive. It seems reasonable to conclude that the framers of the statute intended motorcycles to be equipped with headlamps similar to those required for use on automobiles, which are controlled by safety regulations promulgated by the Commissioner of Motor Vehicles pursuant to N.C.G.S. 20-183.8. No one would argue that an automobile with flashlights taped to its body was "equipped with headlamps." There is no reason to define a headlamp more broadly with regard to a motorcycle.

The plaintiffs concede that the motorcycle on which they were riding did not have a functioning headlamp, but rather

that a flashlight was attached as a *substitute* for a headlamp. N.C.G.S. 20-129(c) does not provide for headlamp substitutes, however powerful or reasonable. A "statute prescribes the standard, and the standard fixed by the Legislature is absolute .... No person is at liberty to adopt other methods and precautions which in his opinion are equally or more efficacious to avoid injury." *Aldridge v. Hasty*, 240 N.C. 353, 360, 82 S.E. 2d 331, 338 (1954). The issue is not whether the flashlight employed was adequate to illuminate the road for 200 feet, but whether the plaintiffs' motorcycle had a lighted headlamp at all. The plaintiffs have admitted that it did not. Violation of N.C.G.S. 20-129 constitutes negligence as a matter of law. *Reeves v. Campbell, supra; Thomas v. Motor Lines*, 230 N.C. 122, 52 S.E. 2d 377 (1949).

Plaintiff Bigelow has conclusively established his contributory negligence by his pleadings. In his complaint Bigelow alleged that Johnson "failed to have adequate lights on said vehicle to apprise him adequately of things and conditions in the road ahead of him that was or likely would be a danger in operating said motorcycle." Bigelow is bound by this allegation. *See Davis v. Rigsby*, 261 N.C. 684, 136 S.E. 2d 33 (1964). In addition, Bigelow testified that he suggested the use of the flashlight and assisted in attaching it to the motorcycle. He admitted that he voluntarily and with full knowledge rode with Johnson: "I didn't have to go on that trip, but I wanted to go with him." A passenger is required to exercise due care for his own safety. *Atwood v. Holland*, 267 N.C. 722, 148 S.E. 2d 851 (1966). Failure to do so is contributory negligence.

> [T]he consensus of opinion ... is to the effect that one who voluntarily places himself in a position of peril known to him fails to exercise ordinary care for his own safety and thereby commits an act of continuing negligence which will bar any right of recovery for injuries resulting from such peril.
>
> . . . .
>
> The guest cannot acquiesce in negligent driving and retain a right to recover against the driver for resulting injuries therefrom.

*Bogen v. Bogen*, 220 N.C. 648, 651-52, 18 S.E.2d 162, 164 (1942). Bigelow was unquestionably contributorily negligent for riding

with Johnson on a motorcycle that was not equipped with a headlamp.

The defendant driver had a right to assume until contrary notice that an approaching vehicle would be properly equipped to warn him of its approach. *See White v. Lacey*, 245 N.C. 364, 96 S.E. 2d 1 (1956). The plaintiffs' negligence excused the defendant driver's failure to see the approaching motorcycle. Because this negligence was the actual cause of defendant's inability to see plaintiffs' approach and thereby avoid the collision, there is no issue as to proximate causation. In view of our decision that plaintiffs were contributorily negligent as a matter of law, we consider it unnecessary to discuss their other assignments of error. The trial court was correct in granting defendants' motions for directed verdict because the uncontroverted evidence that the plaintiffs did not use a headlamp precludes their recovery.

Affirmed.

Judge WELLS concurs.

Judge WEBB dissents.

Judge WEBB dissenting:

I dissent. The majority goes to some length to define "headlamp" and to explain why a flashlight cannot be a "headlamp." I cannot agree with the majority because G.S. 20-131 defines "headlamp" and the statutory definition does not comport with the definition by the majority. The statute says: "headlamps ... shall be so constructed, arranged, and adjusted that ... they will ... under normal atmospheric conditions and on a level road, produce a driving light sufficient to render clearly discernible a person 200 feet ahead ...." If a light complies with this statutory requirement, I do not believe we should go further and say it has to be of a particular design. To do so is to add something to the statute. The burden of proof on the contributory negligence issue is on the defendant. *See* 9 Strong's N.C. Index 3d, *Negligence* § 26 (1977). I believe it is a jury question as to whether the flashlight met the statutory requirements.

I also disagree with the majority's holding that the plaintiff Bigelow conclusively established his contributory negligence by his pleadings. Bigelow alleged that Johnson "failed to have

adequate lights on said vehicle to apprise him adequately of things and conditions in the road ahead of him that was or likely would be a danger in operating said motorcycle." I agree that Bigelow is bound by this allegation but Bigelow does not contend it was the failure of Johnson to see Millican that was the proximate cause of the collision. He contends it was the failure of Millican to see the motorcycle.

For the reasons stated in this dissent, I vote to reverse the judgment of the superior court and remand this case for trial.