BOYD SAMUELS v. D. W. BOWERS, t/a D. W. BOWERS LUMBER COMPANY.

(Filed 24 May, 1950.)

**1. Negligence § 19c—**

Nonsuit on the ground of contributory negligence of plaintiff may be allowed only when the plaintiff's evidence, considered in the light most favorable for him, establishes his own negligence as a proximate contributing cause of the injury so clearly that no other conclusion reasonably can be drawn therefrom.

**2. Automobiles § 20a—Gratuitous passenger held not contributorily negligent as matter of law in failing to refuse to continue trip.**

The evidence tended to show that plaintiff was a guest in a truck being driven by defendant, that it was misting rain and the road was wet, that defendant was driving at an excessive speed of 60 to 65 miles per hour, G.S. 20-141, but that defendant was sober and was an experienced and competent driver, and that plaintiff remonstrated several times as to speed and was reassured by defendant that he had been driving for twenty-five years without an accident. *Held:* In plaintiff's suit to recover for injuries sustained when the car skidded and turned over on the highway, plaintiff is not guilty of contributory negligence as a matter of law in failing to request that defendant stop the car and permit him to get out, but the issue of contributory negligence should have been submitted to the jury.

**3. Same—**

Where the driver of a car persistently operates it at a dangerous and excessive speed, the duty devolves upon a gratuitous passenger, in the exercise of that degree of care for his own safety which a reasonably prudent person would employ under similar circumstances, to caution the driver, and if his warning is disregarded, to request that the automobile be stopped and that he be permitted to leave the car, but his failure to do so will not be held contributory negligence as a matter of law if conflicting

inferences can be drawn from the circumstances, the question being, ordinarily, for the jury to determine.

APPEAL by plaintiff from *Sink, J.,* February Term, 1950, of DAVIDSON. Reversed.

This was an action to recover damages for personal injury alleged to have been caused by the negligence of the defendant in the operation of a motor vehicle. The plaintiff at the request of the defendant was a passenger in a pick-up truck driven by the defendant when, due to defendant's negligent driving, the truck turned over and the plaintiff was injured.

At the close of plaintiff's evidence, defendant's motion for judgment of nonsuit was allowed and plaintiff excepted and appealed.

*Hubert E. Olive and W. H. Steed for plaintiff, appellant.*
*Don A. Walser for defendant, appellee.*

DEVIN, J. That there was evidence of negligence on the part of the defendant proximately causing plaintiff's injury was not controverted, but the defendant contends that the nonsuit should be sustained on the ground of contributory negligence on the part of the plaintiff, for that the plaintiff failed to exercise due care and to take proper precaution for his own safety by adequately warning the defendant of the dangerous manner in which he was driving, or making effort to stop or leave the car.

The rule is well settled that involuntary nonsuit on the ground of the contributory negligence of the plaintiff may be allowed only when the plaintiff's evidence, considered in the light most favorable for him, establishes his own negligence as a proximate contributing cause of the injury so clearly that no other conclusion reasonably can be drawn therefrom. *Collingwood v. R. R., post,* 192; *Winfield v. Smith,* 230 N.C. 392, 53 S.E. 2d 251; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307; *Hobbs v. Drewer,* 226 N.C. 146, 37 S.E. 2d 121; *Cole v. Koonce,* 214 N.C. 188, 198 S.E. 637.

Plaintiff's evidence tended to show that plaintiff accompanied defendant in defendant's half-ton pick-up truck on a business trip of defendant from Thomasville to Rockingham, a distance of some 80 miles. On the return trip it was misting rain and the road was wet, and the defendant was driving around 60 to 65 miles per hour. Half a mile beyond an intersection of highways the truck skidded when going around a curve and turned over, injuring plaintiff. Plaintiff testified he cautioned the defendant several times to reduce his speed, twice shortly before the accident, but defendant replied he had been driving 25 years and "never hit anybody yet." Plaintiff had known defendant 15 years and been on trips

with him before.  On this trip defendant drove "pretty fast" all the way back, except when driving through towns or at intersections.  Plaintiff cautioned him to reduce his speed on account of the condition of the road about 10 miles before the accident happened, and cautioned him "at the crossroads beyond Troy"—told him he was driving too fast.  Plaintiff says he also cautioned him at the intersection of highways 49 and 109. Plaintiff did not try to take over control or get out of the truck as it was defendant's truck, and that was plaintiff's only way of getting back home. They stopped only once and that was at the Uwharrie River bridge, a considerable distance from plaintiff's home.  Neither plaintiff nor defendant had taken any intoxicating liquor.  Plaintiff was an employed person, 53 years old, 5 feet 8 inches tall, and weighing 270 pounds.

There was no evidence that defendant was an inexperienced or incompetent driver, or that his driving on this occasion was reckless, or that he had been drinking.  The speed limit fixed by statute in force at the time applicable to defendant's half-ton truck was 55 miles per hour, though weather conditions might require a lower speed.  G.S. 20-141.

The question of the contributory negligence of a guest passenger in an automobile has been considered by this Court in a number of cases.  In all of them except one it was held the question was one for the jury if there was sufficient evidence offered to require submission of an issue thereon.

In *Nettles v. Rea*, 200 N.C. 44, 156 S.E. 159, where the driver of an automobile was making 70 miles an hour on a mountain road and around curves in spite of passenger's protest, motion to nonsuit was denied, and no error was found in the judgment on verdict for plaintiff on issues of negligence and contributory negligence.  In *King v. Pope*, 202 N.C. 554, 163 S.E. 447, where plaintiff was a guest passenger in an automobile driven by defendant in reckless manner after protest, it was held the question of contributory negligence was one for the jury.  There the court used this language: "The defendant contends 'the court should have held plaintiff negligent as a matter of law in not demanding and insisting that the defendant stop the automobile and permit him, the plaintiff, to get out of the same.'  We cannot so hold.  Under the facts and circumstances of the case, we think it was a question of fact for the jury to determine."  In that case the Court quoted with approval from *Krause v. Hall*, 195 Wis. 565, the following.  "Should the host persist in his reckless driving, the guest may ask to be let out of the car, but that he should do so under all circumstances has never been held his duty as a matter of law, so far as we are advised."

In *Norfleet v. Hall*, 204 N.C. 573, 169 S.E. 143, the defendant was driving at excessive speed without protest from the passenger.  No issue of contributory negligence was submitted, doubtless due to the circum-

stances of that case showing sudden acceleration of speed by the driver, and the judgment for plaintiff was affirmed, though two Justices dissented.

In *Taylor v. Caudle*, 210 N.C. 60, 185 S.E. 446, it was held the question of contributory negligence based on evidence that plaintiff's intestate entered the car knowing the reputation of the driver as an unsafe and reckless driver, was for the jury.

In *York v. York*, 212 N.C. 695, 194 S.E. 486, the evidence disclosed that the defendant drove at a high and dangerous speed in face of a fast approaching storm and rain and into a curve with resultant injury to plaintiff passenger who had made no protest. The trial court refused to submit an issue of contributory negligence, and this Court found no error. Three Justices dissented on the ground that the issue of contributory negligence should have been submitted to the jury.

In *Mason v. Johnston*, 215 N.C. 95, 1 S.E. 2d 379, the plaintiff was a guest passenger on a motorcycle driven at a high rate of speed without protest. This Court held the question of contributory negligence of the passenger was a question for the jury, and could not be so declared as a matter of law.

In *Groome v. Davis*, 215 N.C. 510, 2 S.E. 2d 771, it was held the failure of a guest passenger in an automobile driven 65 to 70 miles per hour to remonstrate would not constitute contributory negligence as a matter of law but was a question for the jury.

The latest case considered by this Court on this subject is *Hill v. Lopez*, 228 N.C. 433, 45 S.E. 2d 539. There the plaintiff was a guest passenger in an automobile which was being driven at a speed of 35 miles per hour into an intersection where it was struck from the right by defendant's truck. The plaintiff did not see defendant's truck until an instant before the collision when he said, "Look out! We are hit." In an opinion written by *Justice Denny* it was said the evidence as disclosed on this record "would not justify holding that the plaintiff was guilty of contributory negligence as a matter of law. The ruling of his Honor in this respect will be upheld."

However in *Bogen v. Bogen*, 220 N.C. 648, 18 S.E. 2d 162, in a well considered opinion written for the Court by Justice Barnhill, it was held nonsuit on the ground of the contributory negligence of plaintiff, a passenger in an automobile driven by her husband, should have been allowed. This decision was based on the following facts stated in the opinion: "Here plaintiff became a guest upon the automobile knowing at the time that he habitually drove in a reckless manner at high rate of speed without keeping proper lookout, and that he would ignore any protest or remonstrance she might make, and then failed to abandon the journey

and return home on any one of the numerous occasions she had oppor-
tunity so to do after his continued recklessness became apparent."

In the case at bar the facts were materially different. Here, consider-
ing plaintiff's evidence in the light most favorable for him, the inference
is permissible that defendant was an experienced and competent driver,
sober, and reasonably careful of traffic regulations though driving "pretty
fast," and in excess of the limit fixed by law, and that in response to
plaintiff's remonstrance that he was driving too fast defendant reassured
him by saying in effect he had never had an accident. *Thorstad v. Doyle,*
199 Minn. 543.

The principle is generally recognized that when a gratuitous passenger
becomes aware that the automobile in which he is riding is being per-
sistently driven at an excessive and dangerous speed, the duty devolves
upon him in the exercise of due care for his own safety to caution the
driver, and, if his warning is disregarded and speed unaltered, to request
that the automobile be stopped and he be permitted to leave the car.
*Bogen v. Bogen, supra;* 4 Blashfield Cyc. Auto Law, sec. 2415; 5 Am.
Jur. 772. He may not acquiesce in a continued course of negligent con-
duct on the part of the driver and then claim damages from him for
injury proximately resulting therefrom. But this duty is not absolute
and is dependent on circumstances. 4 Blashfield, pg. 568; *O'Neal v.
Caffarello,* 303 Ill. App. 574. Where conflicting inferences may be drawn
from the circumstances, whether the failure of the passenger to avail
himself of opportunity for affirmative action for his own safety should
constitute contributory negligence is a matter for the jury.

In 4 Blashfield, pg. 578, the law on this point is stated as follows:
"Even so, however, it is not the duty of a guest, under all circumstances
of negligent or reckless driving, to ask to be let out, nor is it necessarily
contributory negligence as a matter of law for a passenger not to insist
upon being permitted to leave an automobile driven at excessive speed.
. . . A guest who feels himself endangered by the excessive speed of the
vehicle cannot ordinarily be expected to leap from the car while it is still
in rapid motion. . . . And even if there is a reasonable opportunity to
leave the car, failure to leave is not negligence unless a person in the
exercise of ordinary care would have done so under the circumstances."

The passenger is required to use that care for his own safety that a
reasonably prudent person would employ under same or similar circum-
stances. Whether he has measured up to this standard is ordinarily a
question for the jury. Contributory negligence when interposed as a
defense to an action for damages for personal injury involves the element
of proximate cause, and the determination of the proximate cause of an
injury from conflicting inferences is a matter for the jury. In *Conley
v. Pearce-Young-Angel Co.,* 224 N.C. 211, 29 S.E. 2d 740, in an opinion

by *Justice Barnhill*, it was said: "It is only when the facts are all admitted and only one inference may be drawn from them that the court will declare whether an act was the proximate cause of an injury or not. But that is rarely the case. Hence, what is the proximate cause of an injury is ordinarily a question for the jury."

While we think there was evidence sufficient to require submission of the issue of contributory negligence, it was not of that conclusive character which would justify the court in declaring as a matter of law that plaintiff was barred of recovery on this ground.

The judgment of nonsuit is

Reversed.