FRANCES SHOE BEAM, ADMINISTRATRIX OF THE ESTATE OF ALMA LOUISE SHUFFLER SHOE v. HORACE EARL PARHAM; PILOT FREIGHT CARRIERS, INC., AND WILLIAM HENDERSON ROBERTS.

(Filed 15 January, 1965.)

**1. Automobiles § 49—**

When a gratuitous passenger becomes aware that the automobile in which he is riding is being persistently driven in a reckless and dangerous manner, the duty devolves upon him in the exercise of due care for his own safety to caution the driver, and, if his warning is disregarded, to request that the automobile be stopped and he be permitted to leave the car, and he may not acquiesce in a continued course of negligent conduct on the

part of the driver and then collect damages from the driver for injury proximately resulting therefrom.

**2. Same—**

A guest who feels endangered by the manner in which a car is operated is not ordinarily expected to leap therefrom while it is in motion, nor is it his duty to ask to be allowed to leave the vehicle under all circumstances of negligent operation, but he is required to use that care for his own safety which a reasonably prudent person would employ under the same or similar circumstances, which is ordinarily a question for the jury.

**3. Same—**

The evidence tended to show that the driver, who had drunk a dozen or more beers during the afternoon and evening, was driving in a reckless manner, that plaintiff's intestate and the other occupants of the car repeatedly requested him to drive carefully and asked him to stop and let them get out. In an action for wrongful death arising from an accident resulting from the negligence of the driver, intestate cannot be held contributorily negligent as a matter of law.

**4. Same— Whether intestate was contributorily negligent in riding with defendant under the circumstances held for jury.**

Evidence tending to show that while the car was being driven on a rural road toward intestate's home some five miles away, the owner of the car, who had been riding in the back seat, insisted on driving, that all occupants got out and changed seats for this purpose, that each member of the party had drunk some beers in the afternoon before going to a dance but that neither intestate nor the other woman passenger drank anything after entering the dance hall, and that intestate did not know that the men had purchased and drunk additional beer after reaching the dance hall. The evidence further tended to show that intestate knew that the owner had been drinking but that he did not act like he was intoxicated. *Held:* Whether, under the circumstances, an ordinarily prudent person would have remained afoot alone on the rural road at nighttime rather than risk the owner's driving is a question for the jury and intestate cannot be held contributorily negligent as a matter of law.

**5. Negligence § 26—**

Nonsuit for contributory negligence may be allowed only when plaintiff's evidence, considered in the light most favorable to him, establishes his own negligence as a proximate contributing cause of the injury so clearly that no other conclusion reasonably can be drawn therefrom.

APPEAL by defendant William Henderson Roberts, from *Crissman, J.,* January 1964 Civil Session of CABARRUS.

Action by the administratrix of the estate of Alma Louise Shuffler Shoe (Mrs. Shoe) against defendants for the wrongful death of and personal injuries to her intestate.

About 10:50 P.M. on 14 October 1960 there was a collision between a station wagon owned by defendant Roberts and a tractor-trailer unit

owned by corporate defendant and driven by its agent, defendant Parham. The collision occurred at the intersection of U. S. Highway 29 and 13th Street in the Town of Kannapolis. Mrs. Shoe was a guest passenger in the station wagon which allegedly was being operated by defendant Roberts. Mrs. Shoe was seriously injured in the collision and on 6 January 1961 died as a result of the injuries suffered therein.

The jury found that Parham and corporate defendant were not negligent, and that Mrs. Shoe's injuries and resulting death were caused by the negligence of defendant Roberts. $5,000 damages were awarded plaintiff. Judgment was entered accordingly. Defendant Roberts appeals.

*Williams, Willeford & Boger for plaintiff.*
*Hartsell, Hartsell & Mills and Harold H. Smith for defendant appellant.*

MOORE, J. Appellant assigns as error the denial of his motion for nonsuit. His sole contention is that Mrs. Shoe was contributorily negligent as a matter of law.

The evidence, taken in the light most favorable to plaintiff, is summarized as follows: Mrs. Shoe, Eugene Peacock and Mrs. Eugene Peacock went to Betty's Tavern, near Landis, about 3:00 P.M. on the afternoon of 14 October 1960. There they met defendant Roberts. They bought and drank a "few beers." About 7:30 P.M. they left Betty's Tavern in Roberts' station wagon and went to Tommy's Hayloft near Rockwell. Eugene Peacock drove the station wagon. They took with them two 6-packs of beer. No beer is sold at Tommy's Hayloft; it is a dance hall and no drinking is allowed inside. All of them drank beer before going inside. In the dance hall they were joined by C. M. Shuffler. Mrs. Shoe and Mrs. Peacock did not go outside the dance hall until about 10:15 P.M. when they were ready to go home. The men went outside and drank beer. When the supply on hand was exhausted they went for more beer and purchased a case, 24 cans. They drank 3 or 4 cans of this last supply. The party left Tommy's Hayloft about 10:15. Because of their drinking the men had trouble gaining readmission to the dance hall but were permitted to enter for the purpose of getting Mrs. Shoe and Mrs. Peacock so they could leave. Prior to leaving Tommy's Hayloft Roberts had drunk a dozen or more beers. Mrs. Shoe had drunk a "few beers" before going into the dance hall. She did not know that the men had gone for additional beer; no one told her about it. She was not present when Roberts and the other men were drinking outside the dance hall. They left Tommy's Hayloft in

the station wagon; Peacock was driving; Mrs. Shoe was on the back seat with Roberts. It was their purpose to take Mrs. Shoe home. It is about 10 miles from the dance hall to the place where the accident occurred. They were travelling a rural paved road. After they had gone 5 or 6 miles from the dance hall, defendant Roberts "started cussing and going on . . . talking about his car . . . he asked to drive and said he wanted his car." He "was fussing about his car and wanted to fight." Peacock stopped the station wagon and all got out. Roberts had been drinking but was not drunk; he "didn't act like" he was intoxicated. Roberts got under the wheel. All got back in the station wagon; Mrs. Shoe and Shuffler got in the front seat with Roberts, Mrs. Shoe was in the middle. Roberts drove recklessly. He would drive off the road, once he drove into the road ditch. All of them, including Mrs. Shoe, urged him to drive safely and tried to get him to stop and let them out. He wouldn't stop. Mrs. Shoe and Shuffler repeatedly turned off the ignition switch, but Roberts would immediately turn it back on. They could not get possession of the key. When they came to U. S. Highway 29 Roberts did not stop for the stop sign, though the others begged him to do so. He drove into the intersection in front of the approaching tractor-trailer unit and the vehicles collided. The highway patrolman who investigated the accident testified that Mrs. Peacock had no odor of alcohol about her, that Peacock and Shuffler did, and that Roberts was drunk. Mrs. Shoe had been carried to the hospital.

Defendant Roberts pleaded contributory negligence on the part of Mrs. Shoe and alleged that she failed to insist that the driver slow down and otherwise operate the car in a careful and prudent manner, and failed to insist that the driver stop the car and permit her to alight, and that she was intoxicated and knew the driver was intoxicated, but notwithstanding such knowledge she voluntarily entered the car and continued to ride therein.

When a gratuitous passenger becomes aware that the automobile in which he is riding is being persistently driven in a reckless and dangerous manner, the duty devolves upon him in the exercise of due care for his own safety to caution the driver, and, if his warning is disregarded, to request that the automobile be stopped and he be permitted to leave the car. He may not acquiesce in a continued course of negligent conduct on the part of the driver and then collect damages from him for injury proximately resulting therefrom. *Allen v. Metcalf*, 261 N.C. 570, 135 S.E. 2d 540; *Howell v. Lawless*, 260 N.C. 670, 133 S.E. 2d 508; *Samuels v. Bowers*, 232 N.C. 149, 59 S.E. 2d 787; *Bogen v. Bogen*, 220 N.C. 648, 18 S.E. 2d 162. This duty is not absolute but is dependent upon circumstances. Where conflicting inferences may be drawn from

the circumstances, whether the failure of the passenger to avail himself of opportunity for affirmative action for his own safety should constitute contributory negligence is a matter for the jury. It is not the duty of a guest, under all circumstances of negligent or reckless driving, to ask to be allowed to leave the vehicle. A guest who feels endangered by the manner in which a car is operated cannot ordinarily be expected to leap therefrom while it is in motion. A passenger is required to use that care for his own safety that a reasonably prudent person would employ under the same or similar circumstances. Whether he has measured up to this standard is ordinarily a question for the jury. *Bell v. Maxwell*, 246 N.C. 257, 98 S.E. 2d 33; *Samuels v. Bowers, supra; King v. Pope*, 202 N.C. 554, 163 S.E. 447.

The evidence for plaintiff tends to show that Mrs. Shoe and the other occupants of the car repeatedly remonstrated with defendant Roberts concerning the manner in which he was operating the station wagon, repeatedly cautioned him and requested that he drive carefully and prudently, and asked him to stop and let them get out. Mrs. Shoe and Shuffler attempted to stop the car. Roberts persisted in driving recklessly, refused to stop the car, and would not permit it to be stopped.

The more serious question is whether Mrs. Shoe was contributorily negligent as a matter of law in not remaining out of the car when Roberts took over the driving from Peacock. The highway patrolman was of the opinion that Roberts was drunk at the scene of the accident. Mrs. Shoe knew that he drank some beer at Betty's Tavern before 7:30 and that he drank a beer before going into the dance hall. She did not know that he had drunk any beer thereafter, did not know that additional beer had been purchased. He was not driving when they left the dance hall. When Roberts got under the wheel they were 5 or 6 miles from the dance hall and five miles or more from Mrs. Shoe's home. It was about 10:30 at night; they were on a rural road. She knew Roberts had been drinking, but he did not act like he was intoxicated. The other passengers were continuing the ride. Mrs. Shoe was a woman forty years of age. She had the choice of unknown dangers, hardship and perhaps embarrassment, on the one hand, and a ride with a driver who had been drinking, on the other. Whether, under the circumstances, an ordinarily prudent person would have remained afoot on a rural road late at night, more than five miles from home, with the prospect of being alone, rather than risk a ride with defendant Roberts driving, is in our opinion a question for the jury.

*Dinkins v. Carlton*, 255 N.C. 137, 120 S.E. 2d 543, is a case in point. Defendant, a 29 year old man, had been drinking. About 3:30 a.m. he invited three teenage boys to accompany him to a neighboring town,

with the understanding that one of the boys was to drive. En route defendant objected to the slowness of the driving and the car was stopped in a church yard and defendant took control of the car. Defendant drove recklessly and at high speed; there was no evidence that the boys remonstrated with him. After he had driven about 3 miles the car ran off the road and turned over; two of the boys were injured, one was killed. The boys were in high school or had graduated. *Held:* The evidence requires submission of an issue of contributory negligence, but does not disclose contributory negligence as a matter of law. The Court stated: "Ordinarily, the question of the contributory negligence of a guest in an automobile involved in a collision, is for the jury to decide in the light of all the surrounding facts and circumstances (quoting 5 Am. Jur., Automobiles, § 712). Commenting more specifically, it said: "True, the Williams boys and Cranfill could have refused to accompany defendant from Mitchell Chapel Church to Jonesville. In such case, they would have been stranded in the churchyard about 4:00 a.m. All circumstances considered, we cannot say they were contributorily negligent as a matter of law in remaining in the car after defendant stated he was going to take over the driving." The Court suggests that the matter should be considered in the "light upon how matters reasonably appeared to Williams and Cranfill when they were in the churchyard."

". . . involuntary nonsuit on the ground of contributory negligence of the plaintiff may be allowed only when the plaintiff's evidence, considered in the light most favorable to him, establishes his own negligence as a proximate contributing cause of the injury so clearly that no other conclusion reasonably can be drawn therefrom." *Samuels v. Bowers, supra.* The court properly submitted to the jury an issue as to contributory negligence of Mrs. Shoe. The issue was answered favorably to plaintiff.

No error.