18739

The STATE, Respondent, v. Frank CANNON, Appellant
(158 S. E. (2d) 357)

*Messrs. Rembert D. Parler* and *James R. Turner,* of Spartanburg, *for Appellant,*

*Messrs. John H. Nolen, Solicitor,* and *Milton A. Smith, Assistant Solicitor,* of Spartanburg, *for Respondent,*

December 13, 1967.

*Per Curiam:*

The defendant, Frank Cannon, was convicted of rape and sentenced to death at the June, 1965, term of the Court of General Sessions for Spartanburg County. He prosecuted an appeal to this Court and the case was remanded, under *Jackson v. Denno,* 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. (2d) 908, 1 A. L. R. (3d) 1205, for a determination by the lower court of the factual issues relative to the admissibility of a confession which had been introduced at the trial. *State v. Cannon,* 248 S. C. 506, 151 S. E. (2d) 752. Upon remand, the trial judge held a hearing and subsequently made a general finding, "that the confession of Frank Cannon, as placed in the record at the time of the trial, was voluntary," and therefore admissible in evidence. From this finding, the defendant has again appealed.

We have concluded that the finding made by the trial judge is too general to form the basis for a proper review

by this Court and that the case must accordingly be remanded for further and specific findings upon the controverted issues relating to the admissibility of the confession.

The defendant contended in the prior appeal that the confession should have been excluded (a) under the totality of the circumstances surrounding the giving of the same, (b) because it was the result or fruit of an unlawful search and seizure, and (c) by virtue of the reasons underlying *Miranda v. State of Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694, 10 A. L. R. (3d) 974.

■ As to the last stated ground, *Miranda* applies only to cases in which the trial began after June 13, 1966, the date of the *Miranda* decision. *Johnson v. State of New Jersey,* 384 U. S. 719, 86 S. Ct. 1772, 16 L. Ed. (2d) 882. The original trial in the present matter was held in June, 1965, prior to *Miranda;* and, therefore, the standards announced in *Miranda* are not controlling in determining the admissibility of the confession in this case.

Our remand in this case was for the purpose of affording the defendant an independent determination by the court of the controverted factual issues relative to the circumstances surrounding the giving of the confession. One of the main issues related to whether the confession was the result or fruit of an illegal search and seizure. As to this issue we stated in our prior opinion (151 S. E. (2d) 752 at 755):

"There was a particularly sharp conflict as to whether the articles taken from the home of the appellant by virtue of an invalid search warrant were in the interrogation room, and whether or not the same were used to induce the confession. If, in fact, the confession was the product of an illegal search and seizure, it would appear to follow that under the rationale of *Mapp v. Ohio, supra* [367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. (2d) 1081, 84 A. L. R. (2d) 933]; *Wong Sun v. United States,* 371 U. S. 471, 83 S. Ct. 407, 9 L. Ed. (2d) 441; and *Fahy v. State of Conn.,* 375 U. S. 85, 84 S. Ct. 229, 11 L. Ed. (2d) 171, such confession would be inadmissible in evidence."

The factual issues relative to the admissibility of the confession must be resolved in the first instance by the lower court. We only have in this case a general finding that the confession was voluntary. Such general finding, in our view, does not necessarily include a finding that the confession was not the product or result of an unlawful search. In view of the uncertainty as to the lower court's findings on this issue, we have concluded that the case should be remanded to the lower court for the purpose of a *specific* finding on all issues relating to the admissibility of the confession. These issues include not only the general question of the voluntariness of the confession; but also questions concerning the legality of the search and whether, if illegal, the confession was induced by use of the articles taken from the home of the defendant, and any other issues that may be raised at the rehearing.

Since the trial judge is now a member of this Court and unavailable to further consider the matter, the issues will, upon remand, be heard and decided *de novo* by any judge having jurisdiction in that circuit, without regard to any findings previously made.

Remanded.