JAMES HOWARD JACKSON v. GEORGE LAVELLE JACKSON AND EDNA BUTLER JACKSON

No. 6911SC94

(Filed 2 April 1969)

1. Automobiles § 94—  duty of automobile passenger

An automobile passenger must use that care for his own safety which a reasonably prudent person would employ under the same or similar circumstances.

2. Automobiles § 94—  contributory negligence of automobile passenger

Whether automobile passenger's failure to take affirmative action for his own safety constitutes contributory negligence is a matter for the jury where conflicting inferences may be drawn from the circumstances.

3. Automobiles § 94—  contributory negligence of automobile passenger

In this action for personal injuries received in an automobile accident, plaintiff's evidence fails to disclose contributory negligence as a matter of law, that issue being for jury determination, where it tends to show

that defendant was arrested for reckless driving while plaintiff was a passenger in defendant's automobile, that when defendant was released from jail under bond he was angry and upset over being arrested, that shortly thereafter plaintiff was driving defendant's automobile but allowed defendant to drive when it appeared that he had "cooled off" and was no longer upset, that defendant drove in a careful manner for one mile and then began to increase the speed of the vehicle, that plaintiff cautioned defendant to slow down because of a curve ahead, but that defendant laughed and accelerated just before reaching the curve, and that the vehicle failed to negotiate the curve.

APPEAL by plaintiff from *Canaday, J.,* September 1968 Civil Session, Superior Court of HARNETT.

Plaintiff brings this action to recover damages for injuries sustained in an automobile accident which occurred on 18 November 1966.

At the time of this accident the plaintiff was a passenger in an automobile owned by Edna Jackson and driven by George Jackson, the husband of Edna Jackson. Since the question posed by this appeal essentially involves the conduct of the husband, George Jackson, we will simply refer to him as the defendant.

The evidence, taken in the light most favorable to the plaintiff, shows that on the afternoon of 18 November 1966 plaintiff and defendant rode around the town of Dunn, North Carolina, with defendant driving. During this time the defendant parked the car, got out and walked toward the liquor store which was approximately one block away. Defendant returned shortly and put a brown bag under the seat of the car. Defendant then took plaintiff back to the filling station at which plaintiff was employed. Plaintiff testified that he did not see the brown bag again.

At approximately 7:45 p.m. on this same day, defendant returned to the plaintiff's place of employment and invited the plaintiff to go to a turkey shoot. Plaintiff accepted, and the parties went to the turkey shoot in the automobile owned by Edna Jackson with defendant driving. After staying at the turkey shoot for approximately 10 or 15 minutes, the parties left and went to the Village Open Air Market where the defendant went in alone and paid his grocery bill. After leaving the Village Open Air Market the parties traveled back through Dunn and out on the Jonesboro Road. When they were only a short distance outside of Dunn, plaintiff told defendant that he wanted to be taken back to his car. Upon hearing this, the defendant pulled the automobile off on the shoulder of the road, accelerated the vehicle, and spun around in the road. Two ABC officers were only a short distance away, and they observed

these actions by the defendant. As the defendant went by these officers, they waved to him to stop. Plaintiff also told the defendant to stop because these officers wanted to see him; however, the defendant did not stop. He, apparently, made an attempt to outrun the officers. However, the officers apprehended him when he lost control of the car, and charged him with reckless driving. He was placed under $200 bond. At the defendant's request, the plaintiff left the jail to get one Shelton Butler to post bond for the defendant. Butler came, posted the bond, and the defendant was released from jail. Plaintiff, defendant, and Shelton Butler, with Butler driving, left the jail and went to Butler's home. While at the jail, and on the way to Butler's home, the defendant appeared to be angry and upset over being arrested. As plaintiff and defendant were leaving Butler's home, Butler advised plaintiff to drive the car because the defendant was upset. Plaintiff and defendant left Butler's home, with plaintiff driving, with the intention of taking the plaintiff to his car. When they were approximately one and one-half miles from Butler's home the defendant stated that he wanted to drive the car because he wanted to go see someone who lived outside of Dunn. Plaintiff testified that at this point it appeared to him that the defendant had "cooled off" and was no longer upset. After the defendant took over the operation of the vehicle he drove in a careful manner for approximately one mile, and then he began to increase the speed of the vehicle. Plaintiff cautioned defendant to slow down because there was a bad curve ahead. Instead of slowing down, the defendant looked at the plaintiff and laughed, and stepped on the gas just before they got into the curve. Plaintiff stated that in his opinion the defendant was going between 80 and 90 miles per hour. The vehicle went off the left side of the road and overturned, throwing the plaintiff out of the car and injuring him.

At the close of the plaintiff's evidence, the defendant's motion for judgment as of nonsuit was allowed. Plaintiff appeals.

*D. K. Stewart and Bryan, Bryan & Johnson by Robert C. Bryan for plaintiff appellant.*

*Morgan and Jones by Robert H. Jones for defendant appellees.*

MORRIS, J.

The sole question presented by this appeal is whether plaintiff's evidence, considered in the light most favorable to him, establishes his own negligence as one of the proximate causes of his injury so clearly that no other conclusion can be reasonably drawn therefrom.

[1, 2]    It is settled law in this State that a passenger must use that care for his own safety that a reasonably prudent person would employ under the same or similar circumstances. *Samuels v. Bowers,* 232 N.C. 149, 59 S.E. 2d 787. If the passenger's conduct fails to measure up to this standard he may be guilty of contributory negligence. However, in considering the defendant's motion for nonsuit, the evidence is to be taken in the light most favorable to the plaintiff, along with all reasonable inferences therefrom. "Where conflicting inferences may be drawn from the circumstances, whether the failure of the passenger to avail himself of opportunity for affirmative action for his own safety should constitute contributory negligence is a matter for the jury." *Samuels v. Bowers, supra.* "Discrepancies and contradictions, even in plaintiff's evidence, are for the twelve and not for the court." *Bell v. Maxwell,* 246 N.C. 257, 98 S.E. 2d 33.

Our Supreme Court has considered a number of cases in which the question of contributory negligence of a passenger was involved. In *Nettles v. Rea,* 200 N.C. 44, 156 S.E. 159, the defendant invited the plaintiff and two others to ride with him from Sylva to Asheville. He told them that he had driven to Sylva in 50 minutes and was going to make the return trip in 30 minutes. Plaintiff knew that the defendant had been drinking during the day, but he showed no signs of being intoxicated. The Court held that the question of contributory negligence on the part of the plaintiff was properly left to the jury because there was some evidence of willful and wanton conduct by the defendant.

In *King v. Pope,* 202 N.C. 554, 163 S.E. 447, the Court held that the question of contributory negligence on the part of the plaintiff was properly left to the jury because there was some evidence of willful and wanton conduct. (There was evidence that the defendant continued to speed although the plaintiff had asked him to slow down on several occasions.)

In *Groome v. Davis,* 215 N.C. 510, 2 S.E. 771, the Court held that the plaintiff was not contributorily negligent as a matter of law. Here the evidence showed that the plaintiff and defendant left Raleigh together and that the defendant had driven fast until the accident occurred near Newton Grove. The Court stated: "We cannot find, as a matter of law, evidence of contributory negligence on the part of the plaintiff such as would bar his recovery."

It has been held that where the evidence showed that the plaintiff was a passenger on a speeding motorcycle, and the defendant, driving an automobile, made a left turn in front of the motorcycle;

that the issue of contributory negligence on the part of the plaintiff passenger should have been submitted to the jury. *Mason v. Johnston*, 215 N.C. 95, 1 S.E. 2d 379.

*Samuels v. Bowers, supra,* held that where the evidence showed that generally the defendant was a safe driver, but on this occasion he had been driving fast and the plaintiff had cautioned him to slow down, the plaintiff was not contributorily negligent as a matter of law. The Court stated:

> "The passenger is required to use that care for his own safety that a reasonably prudent person would employ under same or similar circumstances. Whether he has measured up to this standard is ordinarily a question for the jury. Contributory negligence when interposed as a defense to an action for damages for personal injury involves the element of proximate cause, and the determination of the proximate cause of an injury from conflicting inferences is a matter for the jury."

In *Bell v. Maxwell, supra,* the evidence showed that the plaintiff was riding with the defendant who was driving in a reckless manner. The plaintiff had gotten out of the car once in protest of the manner in which defendant was driving the car and defendant had told him that the horseplay was over. There was some evidence that the parties had been drinking. The trial court allowed the defendant's motion for judgment as of nonsuit. The Supreme Court reversed holding that conflicting inferences could be drawn from the evidence as to whether plaintiff measured up to the standard of care required of him for his own safety and that the question of plaintiff's negligence was a question for the jury.

In *Dinkins v. Carlton,* 255 N.C. 137, 120 S.E. 2d 543, defendant took over driving the car because he did not think that it was being driven fast enough. The passengers did not object to the defendant taking over the operation of the car, and while he was driving neither of the passengers objected to the manner in which the car was being driven. The Supreme Court upheld the verdict for the plaintiff, stating:

> "Our decisions, cited and reviewed by *Parker, J.,* in *Bell v. Maxwell,* 246 N.C. 257, 98 S.E. 2d 33, are in substantial accord. In all, except *Bogen v. Bogen,* 220 N.C. 648, 18 S.E. 2d 162, this Court held the issue, whether the guest passenger was guilty of contributory negligence, was for jury determination."

*Davis v. Rigsby,* 261 N.C. 684, 136 S.E. 2d 33; *Beam v. Parham,* 263 N.C. 417, 139 S.E. 2d 712; *Bank v. Lindsey,* 264 N.C. 585, 142

S.E. 2d 357; *Atwood v. Holland,* 267 N.C. 722, 148 S.E. 2d 851; and *Weatherman v. Weatherman,* 270 N.C. 130, 153 S.E. 2d 860, are cases dealing with the question of the contributory negligence of a passenger who rides with one known to be intoxicated. In *Davis v. Rigsby, supra,* plaintiff alleged that he knew the defendant was under the influence when he got into his car. The Court held that this allegation was binding and that the defendant's motion for judgment as of nonsuit should have been allowed. In *Beam v. Parham, supra,* evidence showed that the plaintiff's deceased, a woman, was some five miles from home and it was approximately 10:30 p.m., when the defendant took over the operation of the vehicle. There was evidence showing that the deceased knew the defendant had been drinking, but she did not know that he was drunk. The Court held that under these circumstances, the question of whether plaintiff's deceased was contributorily negligent was properly submitted to the jury. In *Bank v. Lindsey, supra,* the defendant and deceased had been riding around in the defendant's truck most of the day and had been drinking during this time. The Court, in a per curiam opinion, held that the deceased was contributorily negligent as a matter of law. In *Atwood v. Holland, supra,* it was held that the plaintiff was contributorily negligent as a matter of law where the evidence showed that she had been dancing with the defendant and he had drunk approximately 12 beers. She had observed that the defendant had trouble dancing and standing before she got into his car. The defendant was driving a sports car with two seats, and four people were riding therein.

In *Weatherman v. Weatherman, supra,* evidence showed that the deceased parties had been riding together during the day and that the driver of the car had been drinking. There was no evidence showing that the driver was intoxicated, although one witness stated that he did not walk or talk normal. One Edwards rode in the car prior to the accident, but asked to be let out because of the manner in which the vehicle was being operated. Later, at a drive-in, the driver jumped out of the car, waved a pistol in the air and asked if there was anyone that wanted to fight. He stated that he did not care if he lived or died. He got back into the car and drove off. The accident occurred some two or three minutes later. The jury found that the plaintiff's intestate was contributorily negligent. The Supreme Court reversed the judgment below on the ground that certain evidence was improperly admitted. However, speaking on the negligence of the passenger, the Court said, ". . . we hold that the evidence stated above is sufficient to go to the jury upon the question of contributory negligence." We take this to mean that the plaintiff's intestate was not contributorily negligent as a matter of law.

Except in cases where a passenger was riding with one whom he knew to be intoxicated, we have found only one case holding that the passenger was contributorily negligent as a matter of law. In *Bogen v. Bogen*, 220 N.C. 648, 18 S.E. 2d 162, plaintiff and defendant were man and wife. They were from Ohio and were traveling through North Carolina while on vacation when the accident in question occurred near Efland. Plaintiff testified that her husband drove at a high rate of speed during the entire trip, and when he was driving, he would look at the scenery instead of the road. She stated that his driving was such that when she rode with him, she continuously had to protest the manner in which he was driving. Our Court held that the plaintiff clearly knew beforehand that the defendant was a careless driver; therefore, she was contributorily negligent as a matter of law. The evidence on this point was not in conflict.

The present case would appear to be distinguishable from *Atwood v. Holland, supra,* and those cases which hold that a passenger who rides with one whom he knows to be intoxicated is contributorily negligent. The ABC officer who arrested the defendant for reckless driving testified that he last saw the defendant around 9:15 p.m., and that as far as he could tell, the defendant was not under the influence of any intoxicating beverage at this time. The plaintiff testified that at no time while he was riding with the defendant, did he show any indication of being under the influence, although he did smell something on the defendant's breath at one time. There was evidence that the plaintiff had seen the defendant coming from the direction of the liquor store with a brown bag in his hand, and that defendant placed this bag under the seat of the car. However, plaintiff stated that he did not see this brown bag again. This evidence is not sufficient to compel a nonsuit on the ground of *Atwood v. Holland, supra; Bank v. Lindsey, supra;* and *Davis v. Rigsby, supra.*

The present case is also distinguishable from *Bogen v. Bogen, supra,* because the evidence, when taken in the light most favorable to the plaintiff, does not compel the conclusion that the plaintiff knew beforehand that the defendant was a reckless driver. The plaintiff testified that he allowed the defendant to drive the car shortly after they left Shelton Butler's house because it appeared that the defendant "had cooled off and wasn't mad any longer." Plaintiff also stated that the defendant drove in a prudent manner for approximately the first mile.

We also note that there is some evidence which would tend to show that the defendant's conduct was willful and wanton. Plain-

tiff testified: "That, as a result of the plaintiff telling the defendant to slow down, the defendant looked at the plaintiff and laughed; that he slapped the gas to it just before he got to the curve; that he was running so fast that the car went off the road, and the plaintiff was thrown out and knocked unconscious." In *Nettles v. Rea, supra,* the Court in holding that the question of contributory negligence on the part of the plaintiff passenger was a question for the jury, stated, "Conceding, without deciding, that plaintiff may have been negligent in entering defendant's car under the circumstances disclosed by the record, nevertheless there is evidence of wilful or wanton conduct on the part of the defendant in persisting in his reckless driving over the protests of his guests which resulted in plaintiff's injury. This, if nothing else, saves the case from a nonsuit." "If the defendant's conduct was wilful and wanton, the plea of contributory negligence could not avail him, and he would not, under such circumstances, be entitled to a nonsuit." *King v. Pope, supra.*

**[3]** We hold that the present case is governed by those North Carolina cases which have held that the question of contributory negligence on the part of a passenger is a matter for the jury to determine. We have considered the evidence in the light most favorable to the plaintiff, and in doing so, we find that there is some evidence from which the jury could infer that the plaintiff acted as a reasonable and prudent person under the same or similar circumstances would have acted; therefore, it may not be found as a matter of law that the plaintiff was contributorily negligent. However, we do not wish to be understood as intimating any opinion at all as to the evidence. We leave it entirely to the jury to determine under proper instructions from the court whether the evidence is sufficient to establish the contentions of the plaintiff; or sufficient to establish the contentions of the defendant. The judgment below is

Reversed.

New trial.

MALLARD, C.J., and CAMPBELL, J., concur.