CURTIS BLACK v. MICHAEL WEAVER

No. 7121SC26

(Filed 3 February 1971)

Automobiles §§ 90, 94— injury to passenger — issue of negligence — instructions

In an action to recover for personal injuries sustained by plaintiff while a passenger in a Jeep owned and operated by defendant, an instruction that plaintiff would be guilty of negligence *per se* if he realized there was danger in the manner the Jeep was being operated and failed to take precautionary action for his safety, *held* reversible error, since the issue of negligence was for the jury to determine under the rule of the ordinary prudent man.

APPEAL by plaintiff from *Crissman, Superior Court Judge,* June 1970 Session of FORSYTH County Superior Court.

Action to recover for personal injuries allegedly sustained by plaintiff while a passenger in a Jeep owned and being operated by defendant.

Plaintiff had expressed an interest in purchasing defendant's Jeep. On 22 May 1969 defendant was demonstrating the Jeep to him by driving through woods, down a bank, and along the shoulder of a public road. The Jeep struck a ditch or gulley and wrecked while it was being driven along the shoulder of the public road. There was evidence of excessive speed and reckless driving preceding the wreck. Plaintiff testified that he never asked defendant to stop the Jeep so he could get out, but that he did tell defendant that he was driving too fast and requested that he slow down. Defendant, and another passenger, denied that plaintiff remonstrated with defendant in any manner.

The court submitted to the jury issues of negligence, contributory negligence and damages. The jury answered the first two issues "yes," and from judgment entered on the verdict, plaintiff appealed.

*White, Crumpler & Pfefferkorn by Joe P. McCollum, Jr., William G. Pfefferkorn and James G. White for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson by R. M. Stockton, Jr. and John M. Harrington for defendant appellee.*

GRAHAM, Judge.

Plaintiff excepts to the following portion of the court's charge to the jury:

"The Court charges you that if you are satisfied from the evidence and by its greater weight that the plaintiff on this occasion under all these circumstances had opportunity to see that there was real danger in the manner in which the defendant was operating this Jeep on this occasion, that there was real danger in it, if you are satisfied from the evidence and by its greater weight that he had opportunity to see that and still failed to make some effort to stop it and to get off the Jeep or to get the operation in line with what would be reasonable and prudent, then the Court charges you that that would amount to negligence; . . ."

This exception is well taken. In this portion of the charge the jury was instructed, in effect, that if plaintiff realized there was danger in the manner the Jeep was being operated and failed to take any of the enumerated actions, his failure to so act would constitute negligence *per se*. Whether it would in fact constitute negligence was for the jury to determine under the rule of the ordinary prudent man. *Dinkins v. Carlton* and *Williams v. Carlton*, 255 N.C. 137, 120 S.E. 2d 543. In *Beam v. Parham*, 263 N.C. 417, 139 S.E. 2d 712, we find the following:

"It is not the duty of a guest, under all circumstances of negligent or reckless driving, to ask to be allowed to leave the vehicle. A guest who feels endangered by the manner in which a car is operated cannot ordinarily be expected to leap therefrom while it is in motion. A passenger is required to use that care for his own safety that a reasonably prudent person would employ under the same or similar circumstances. Whether he has measured up to this standard is ordinarily a question for the jury. *Bell v. Maxwell*, 246 N.C. 257, 98 S.E. 2d 33; *Samuels v. Bowers, supra; King v. Pope*, 202 N.C. 554, 163 S.E. 447."

There was plenary evidence to support a finding by a jury, under proper instructions, that plaintiff's own negligence was a proximate cause of his injuries. However, we find that under the instructions given, the question of whether plaintiff's failure to take precautionary actions for his own safety constituted neg-

ligence, under the circumstances, was not left for the jury to determine. This was prejudicial error requiring a new trial.

New trial.

Chief Judge MALLARD and Judge PARKER concur.