## ANNIE L. NAYLOR v. LESTUS LEE NAYLOR

### No. 714SC225

(Filed 26 May 1971)

Automobiles § 94— intoxicated driver — contributory negligence of passenger

    Evidence of plaintiff automobile passenger did not establish that she was contributorily negligent as a matter of law in riding with an intoxicated driver, that being a question for the jury, where plaintiff testified that she did not see the driver consume any alcoholic beverage, did not smell any alcohol on his person, and was not aware that he had been drinking.

APPEAL by plaintiff from Parker, Judge, 19 November 1970 Civil Session, SAMPSON Superior Court.

This is a civil action in which plaintiff seeks to recover damages for personal injury sustained by her while riding as a passenger in an automobile owned and operated by defendant.

In his answer, defendant pleaded contributory negligence on the part of plaintiff, alleging specifically that plaintiff voluntarily rode with defendant when she knew that he had consumed a considerable quantity of intoxicants.

Defendant's negligence is not seriously challenged. The evidence showed that defendant's automobile made a right turn at a "T" intersection, that his turn was "too wide," and he collided head-on with another vehicle.

Plaintiff presented State Highway Patrolman Laughinghouse, the investigating officer, as a witness. Among other things, he testified that immediately after the collision he talked with the defendant, smelled intoxicants on his breath, and otherwise observed defendant; that in his opinion defendant was under the influence of intoxicants to an appreciable degree; that in criminal court, defendant pleaded guilty to driving under the influence of intoxicants and failing to drive his vehicle on the right half of the highway.

Plaintiff testified that she had been riding with defendant off and on since 5:30 p.m. that day, the collision occurring around 10:00 p.m. During that time she did not see defendant consume any alcoholic beverage, did not smell any alcohol on his person, and was not aware that he had been drinking.

After plaintiff rested her case, defendant moved for a directed verdict under Rule 50(a) upon the ground that plaintiff's own evidence showed her contributory negligence as a matter of law in that she rode with defendant while he was intoxicated. The motion was allowed and plaintiff appealed from judgment predicated thereon.

*Bryan, Jones, Johnson, Hunter & Greene and Stewart and Hayes by Gerald Hayes for plaintiff appellant.*

*Chambliss, Paderick & Warrick by Joseph B. Chambliss for defendant appellee.*

BRITT, Judge.

Plaintiff's sole assignment of error is that the trial court erred in directing a verdict for defendant at the close of plaintiff's evidence; she contends that her evidence did not show her to be contributorily negligent as a matter of law. We agree with this contention.

On appeal from the granting of a motion for directed verdict under Rule 50(a) of the Rules of Civil Procedure, we must determine the sufficiency of plaintiff's evidence guided by the same principles applicable in determining the sufficiency of evidence to withstand the former motion for nonsuit under G.S. 1-183. *Anderson v. Mann,* 9 N.C. App. 397, 176 S.E. 2d 365 (1970). In *Dinkins v. Carlton,* 255 N.C. 137, 120 S.E. 2d 543 (1961) in the third headnote to the opinion, we find the following:

> Whether a passenger is guilty of contributory negligence in voluntarily embarking on a trip with a driver whom he knows to be reckless, or in failing to abandon the trip after discovery that the driver was operating the vehicle in a reckless manner or while intoxicated, or in failing to remonstrate with the driver, is usually a question for the jury under the rule of the ordinary prudent man, and the conduct of the passenger in these respects will not ordinarily be held for contributory negligence as a matter of law.

In considering a motion for a directed verdict in favor of defendant, the evidence must be viewed in the light most favorable to plaintiff and a directed verdict is proper only

when contributory negligence is so clearly established that no other conclusion can reasonably be reached. *Beam v. Parham,* 263 N.C. 417, 139 S.E. 2d 712 (1965); *Bell v. Maxwell,* 246 N.C. 257, 98 S.E. 2d 33 (1957); *Jackson v. Jackson,* 4 N.C. App. 153, 166 S.E. 2d 541 (1969). Discrepancies and contradictions in the evidence are to be resolved by the jury and not by the court. *Dinkins v. Carlton, supra; Jackson v. Jackson, supra.*

When the testimony given at trial in the instant case is viewed in the light most favorable to plaintiff one must conclude that plaintiff had not seen defendant drinking, did not smell alcohol on defendant, and by observing defendant's actions did not recognize that he was intoxicated; therefore, it was error for the court to hold that plaintiff in riding with defendant was contributorily negligent as a matter of law.

The judgment appealed from is

Reversed.

Judges CAMPBELL and GRAHAM concur.