WILLIAM A. PARKER, ADMINISTRATOR OF THE ESTATE OF KATHY DENISE CRAW-
FORD v. JAMES EARL WILLIAMS, JAMES WEAVER WILLIAMS, MAX-
INE MARIE HALL AND BRENDA COLE HALL AND MARIE MAXINE
HALL AND GLENDAL COLE HALL v. JAMES WEAVER WILLIAMS AND
JAMES EARL WILLIAMS

No. 7728SC7

(Filed 7 December 1977)

1. **Automobiles § 94.8— passenger's contributory negligence—failure to protest manner of operation**

    The trial court erred in submitting an issue of a jeep passenger's con-
    tributory negligence in failing to protest or remonstrate against the manner of
    operation of the jeep where there was evidence that the jeep traveled at an
    excessive speed for only a maximum distance of 200 yards and that it passed
    traffic while in the turning lane and reentered the passing lane during that
    time, since the circumstance of time precluded remonstrance.

2. **Automobiles § 94.4— passenger's contributory negligence—distraction of driver of another vehicle**

    The trial court erred in submitting an issue of a jeep passenger's con-
    tributory negligence in distracting the driver of an automobile with which the
    jeep collided where there was evidence tending to show only that the
    passenger recognized the automobile driver, the passenger asked the jeep
    driver to blow the horn, and the jeep driver blew the horn as the jeep pulled
    abreast of the automobile and the passenger waved to the automobile driver.

3. **Appeal and Error § 31; Rules of Civil Procedure § 10— failure to instruct—appellee's contention—absence of cross-assignment of error**

    Defendant appellee's contention that the trial court should have instructed
    the jury to determine whether a vehicle passenger was contributorily
    negligent as a participant in the vehicle driver's negligence by encouraging the
    driver to drive in a fast and reckless fashion was not before the appellate
    court where defendant failed to take exception and cross-assign as error the
    failure of the court to instruct on this contention and failed to request such an
    instruction at trial. G.S. 1A-1, Rule 10(d).

APPEAL by plaintiffs from *Judge Harry C. Martin.* Judgment
entered 11 February 1976 in Superior Court, BUNCOMBE County.
Heard in the Court of Appeals 27 September 1977.

These cases arose from a 31 July 1974 traffic accident which
occurred on U.S. Highway 19-23 just west of the city limits of
Asheville. At the time of the collision, plaintiff Marie Maxine Hall
(Hall) was driving a jeep owned by her mother, Glendal Cole Hall.
Kathy Denise Crawford (Crawford), who was killed in the acci-
dent, was a passenger in the jeep, occupying the right front seat.

Defendant James Weaver Williams (Williams) was operating a Volkswagen automobile owned by his father, co-defendant James Earl Williams. Both vehicles were travelling in an easterly direction and, at the place where the collision occurred, the highway was a 5-lane highway. The evidence is uncontradicted that Hall had been in the turning lane apparently intending to make a left turn, but had passed traffic while in the turning lane and had gotten back into the passing lane just prior to the collision. The evidence is quite contradictory as to whether the Volkswagen swerved into the jeep or the jeep swerved in front of the Volkswagen.

Plaintiff administrator took a voluntary dismissal as to Hall. The cases were submitted to the jury on the question of negligence and contributory negligence. The jury found defendant Williams negligent in each case and found that each plaintiff was contributorily negligent. Plaintiffs appealed.

*Gudger, McLean, Leake, Talman & Stevenson, by Joel B. Stevenson and William A. Parker, for plaintiff appellant William A. Parker, Administrator of the Estate of Kathy Denise Crawford, Deceased.*

*Robert S. Swain for plaintiff appellant Marie Maxine Hall.*

*Uzzell & Dumont, by Harry Dumont and Larry Leake, for defendant appellees James Weaver Williams and James Earl Williams.*

MORRIS, Judge.

Plaintiff administrator asserts that the court erred in submitting an issue of contributory negligence to the jury for that there was no evidence to support a finding of contributory negligence and, alternatively, that the court failed to instruct the jury fully and properly on the law of contributory negligence. In his brief, the appellant does not argue the second portion of the question raised by his first assignment of error nor is any authority cited. We, therefore, deem this portion of the assignment of error abandoned. *Equipment, Inc. v. Lipscomb*, 15 N.C. App. 120, 189 S.E. 2d 498 (1972); Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

The allegations of negligence on the part of Crawford, plaintiff's intestate, were "failing to protest or remonstrate against the manner of operation of said vehicle, continuing as a passenger in said vehicle and assuming an unsafe position in said vehicle."

[1] The court properly did not charge the jury on the allegation of "assuming an unsafe position in said vehicle." However, the court did instruct the jury on the contention that Crawford was negligent in failing to remonstrate or protest the manner in which Marie Hall was driving the jeep and also on the contentions that Crawford was negligent in distracting the attention of Weaver Williams while he was driving the Volkswagen and properly placed the burden of proof as to these contentions on Williams.

The evidence is uncontradicted that Crawford did not protest or remonstrate. The question then becomes: Was there a duty to remonstrate under the facts and circumstances of this case? The rule is clearly delineated by Justice Devin in *Samuels v. Bowers*, 232 N.C. 149, 59 S.E. 2d 787 (1950):

> "The principle is generally recognized that when a gratuitous passenger becomes aware that the automobile in which he is riding is being persistently driven at an excessive and dangerous speed, the duty devolves upon him in the exercise of due care for his own safety to caution the driver, and, if his warning is disregarded and speed unaltered, to request that the automobile be stopped and he be permitted to leave the car. (Citations omitted.) He may not acquiesce in a continued course of negligent conduct on the part of the driver and then claim damages . . . for injury proximately resulting therefrom. But this duty is not absolute and is dependent on circumstances." (Citations omitted.) 232 N.C. at 153, 59 S.E. 2d at 790.

Our examination of the evidence in light of these principles convinces us that the court erred in charging on this contention of defendant. Williams' evidence was that the jeep stopped behind him at the intersection of Acton Circle and U.S. Highway 19-23. The distance from that point to the point where the collision occurred was, according to Williams 5/10 of a mile, and according to the investigating patrolman 3/10 of a mile. Williams further testified that he did not again see the jeep until the accident occurred. His speed from the time he saw the jeep stopped behind him to the time of the accident was estimated, without contradic-

tion, at from 45 to 50 miles per hour. Assuming that 45 miles per hour is the accurate speed and that 5/10 of a mile the accurate distance, the time elapsing from the first sight of the jeep to the accident would be less than a minute. There was evidence for defendant that the jeep was observed for a distance of approximately 200 yards travelling at a speed of approximately 70 miles per hour. There was evidence that the jeep went from the passing lane into the turning lane and back into the passing lane, having passed some traffic in the doing so. The greatest distance the jeep travelled at excessive speed was placed at 200 yards by defendant's evidence. It is obvious that the circumstance of time precluded remonstrance, even assuming negligent operation of the jeep by Hall.

[2] The uncontradicted evidence is that as the jeep drew near the Volkswagen, Crawford recognized Weaver Williams as the driver. She asked Hall to blow the horn. This Hall did as she came almost abreast of Williams and Crawford waved. We fail to see any actionable negligence in these two incidents. They are the only incidents which the evidence reveals as any possible basis for a charge of distraction of Williams, and they are the bases for the court's instructions to the jury. Again we agree with plaintiff appellant that there is insufficient evidence of distraction in this record to submit to the jury on a charge of contributory negligence. We agree with plaintiff that the court erred in submitting this issue to the jury on failure to remonstrate and distraction.

[3] Defendant urges that not only was the contention as submitted fully supported by the evidence. The submission was favorable to plaintiff because the evidence would have supported a charge, and the court should have charged that the jury should determine whether Crawford was a participant in Hall's negligence; i.e., she encouraged Hall to drive in a fast and reckless fashion. Assuming arguendo that defendant's position has merit, it is not before us. Rule 10(d), North Carolina Rules of Appellate Procedure, provides:

"Without taking an appeal an appellee may set out exceptions to and cross-assign as error any action or omission of the trial court to which an exception was duly taken or as to which an exception was deemed by rule or law to have been

taken, and which deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken."

Defendant failed to take exception and cross-assign as error the failure of the court to instruct on this contention, nor did he request such an instruction at trial.

The jury returned as its verdict that defendant Weaver Williams was guilty of negligence. The record discloses no motion by defendants for directed verdict nor is there any exception by defendants to the judgment. Nevertheless, we cannot say what effect the submission of an issue of plaintiff's contributory negligence had or might have had upon the jury's determination of the issue of defendant's negligence. We think the circumstances of this case require a

New trial.

Judges VAUGHN and CLARK concur.