WILLIAM A. PARKER, ADMINISTRATOR OF THE ESTATE OF KATHY DENISE CRAW-FORD v. JAMES EARL WILLIAMS, JAMES WEAVER WILLIAMS, MAX-INE MARIE HALL AND BRENDA COLE HALL AND MARIE MAXINE HALL AND GLENDAL COLE HALL v. JAMES WEAVER WILLIAMS AND JAMES EARL WILLIAMS

No. 7728SC7

(Filed 7 February 1978)

APPEAL by plaintiffs from *Judge Harry C. Martin*. Judgment entered 11 February 1976 in Superior Court, BUNCOMBE County. Heard in Court of Appeals 27 September 1977.

*Gudger, McLean, Leake, Talman & Stevenson, by Joel B. Stevenson and William A. Parker, for plaintiff appellant William A. Parker, Administrator of the Estate of Kathy Denise Crawford, Deceased.*

*Robert S. Swain for plaintiff appellant Marie Maxine Hall.*

*Uzzell & Dumont, by Harry Dumont and Larry Leake, for defendant appellees James Weaver Williams and James Earl Williams.*

MORRIS, Judge.

In the opinion of this Court filed in this case on 7 December 1977, *Parker v. Williams*, 34 N.C. App. 563 (1977), the result was stated simply "New trial". By petition to rehear, defendants James Weaver Williams and James Earl Williams have pointed out that the opinion referred only to the action of *Parker, Administrator v. Williams* and held that the trial court erred in submitting an issue on contributory negligence to the jury and that, because we cannot say what effect the submission of that issue had or might have had on the jury's determination of the issue of defendants' negligence, the circumstances of the case required a new trial. Defendants correctly point out that we did not discuss the submission of an issue on contributory negligence as to plaintiff Hall. They are of the opinion that the result as stated in our 7 December opinion requires a new trial as to her case, also. This was not the intended result. The brief for the plaintiff appellants did not discuss the question of contributory negligence as it related to Hall's case at all. It contained no argument with respect to this feature of assignment of error No. 1. The question was not before us. Had it been properly presented, we would have found no error in the submission of that issue to the jury as to Hall and would have specifically so stated in the opinion. The other contentions of plaintiff Marie Hall were carefully considered and found to be without merit.

For purposes of clarification: As to the appeal of plaintiff Hall, we find no error.

As to the appeal of Parker, Administrator, new trial.

Judges VAUGHN and CLARK concur.