LELAND B. DANIELS v. EDDIE HOWARD JONES

No. 788SC901

(Filed 7 August 1979)

**Trial § 33.3— failure to give equal stress to contentions**

    In a passenger's action against the driver of the vehicle in which he was riding, the trial court failed to give equal stress to the primary contentions of the parties on the issue of contributory negligence in violation of G.S. 1A-1, Rule 51(a) where the court charged that "the defendant contends, and the plaintiff denies, that the plaintiff was negligent in one or more of the following respects" and then summarized defendant's contentions that plaintiff rode with defendant while he knew or should have known that defendant was intoxicated and that plaintiff failed to protest the manner in which defendant operated the vehicle, since it was necessary for the court, after having stated defendant's contentions, also to state plaintiff's contentions that defendant was not noticeably under the influence of alcohol when they entered the vehicle and that, when defendant's reckless driving became apparent, plaintiff did in fact remonstrate as best he could under the circumstances.

APPEAL by plaintiff from *Allsbrook, Judge.* Judgment entered 8 March 1978 in Superior Court, WAYNE County. Heard in the Court of Appeals 11 June 1979.

    Plaintiff initiated this action to recover damages for personal injury arising out of an automobile collision at 2:30 p.m. on 24 December 1975 on rural paved State Road 1144 in Wayne County. Plaintiff was a passenger and one of three occupants in his 1969 Chevrolet pickup truck which was being driven by defendant. Plaintiff alleges that defendant negligently drove plaintiff's truck at an excessive speed; that he failed to heed plaintiff's direction to slow down; that defendant lost control of the truck as it hit the right shoulder of the road; and that it then swerved left of the center line of the two-lane road and struck an oncoming vehicle being driven by Ella Barfield Brewington. Plaintiff alleges that he has suffered painful and disfiguring personal injury. He alleges damages of $9,464.32 in medical expense and $13,125 in lost

wages. Plaintiff prays for $150,000 in damages as compensation for past and future medical expenses, lost wages, and pain and suffering. Defendant answered the complaint denying negligence. Pleading in the alternative, defendant avers that, even if he should be found negligent, plaintiff was contributorily negligent in continuing to ride in the same vehicle with defendant whom plaintiff knew to have been operating the vehicle while under the influence of intoxicating beverages. Defendant avers that plaintiff was contributorily negligent and assumed the risk of injury by failing to remove himself from the vehicle and in failing at any time to protest the negligent manner in which defendant operated the vehicle. Defendant avers that plaintiff as owner-occupant of the truck had a legal duty to direct and control the manner in which his vehicle was being operated by defendant. At trial, the evidence indicated that plaintiff and defendant both were attending a "pig-pickin'" for the employees of Wayne Hardwood Lumber Company on 24 December 1975 at defendant's home. Plaintiff testified that he consumed a couple of one-ounce mixed alcoholic beverages and that he saw defendant drink about the same amount. He said Jones looked normal and did not appear to be intoxicated. Jones was indoors preparing slaw for the meal. Outside, a fellow employee named Atkinson was in the process of slicing the pig on a cutting board when he suffered an apparently serious cut on his thumb. Defendant observed the wound and suggested that they take him to a doctor. Plaintiff aided Atkinson by holding a handkerchief on his thumb while they all three climbed into plaintiff's truck which was parked in defendant's driveway. Defendant proceeded to drive the truck while plaintiff continued aiding Atkinson.

Plaintiff testified that defendant drove normally for about 500 feet to a paved road, and then turned right onto rural paved State Road 1144, which plaintiff characterized as a "curvy road". Plaintiff testified that defendant was driving in excess of the 35 mile-per-hour posted speed limit on State Road 1144 when he ran onto the shoulder of the road some 700 feet after turning onto the paved road. Plaintiff testified that he then told defendant to slow down before he reached a second curve approximately 800 feet farther down the road. Defendant negotiated the second curve and then plaintiff warned defendant to "look out, that car is going to hit us". The truck collided with an oncoming car driven by Ella

B. Brewington nearly 200 feet past the second curve. The plaintiff did not notice on which side of the center line of the highway the impact occurred. The truck eventually came to rest upside down at which time plaintiff crawled from the wreckage. As a result of injuries to his right arm, plaintiff was taken by ambulance to Wayne County Memorial Hospital where he was treated for compound fractures of the arm, extensive injury to the tendons and soft tissue of the arm, and loss of skin from the top of his hand up his forearm. He underwent extensive skin graft procedures and physical therapy.

Defendant presented an eyewitness to describe the accident. The witness, a high school student, testified that the truck appeared to go out of control after leaving the road in the first curve; that its speed was approximately 70 miles per hour; that as the truck approached the second curve it pulled to the left inside of the curve; that after the curve, but before it could get back to the right hand side of the road, the truck collided with an oncoming car. The truck flipped over two or three times and came to rest upside down in the middle of the road. The witness testified that all three passengers appeared by their actions after the collision to be intoxicated. He testified that Daniels was crawling around cursing; that Jones kept refusing help and telling everyone "why don't you go home"; and that Atkinson couldn't stand up out of the ditch and said he was going home. The case was submitted to the jury on three issues: defendant's negligence, plaintiff's negligence, and damages. The jury found that defendant was negligent, but also found that plaintiff was contributorily negligent, thus denying any damages to plaintiff. Plaintiff appeals assigning error to the trial court's charge.

*Dees, Dees, Smith, Powell & Jarrett, by William W. Smith, for plaintiff appellant.*

*Taylor, Warren, Kerr, & Walker, by Gordon C. Woodruff and John H. Kerr III, for defendant appellee.*

MORRIS, Chief Judge.

Plaintiff brings forward on appeal two assignments of error addressed to the trial court's instructions to the jury concerning the issue of contributory negligence. First, he argues that the trial court committed reversible error in failing to instruct the

Daniels v. Jones

jury with respect to plaintiff's contention that, when he entered as a passenger the truck being driven by defendant, he had no reasonable grounds for believing that defendant was intoxicated. Second, plaintiff assigns error to the failure of the trial judge to instruct the jury that plaintiff contended that before the collision he had protested with defendant concerning the manner in which he was driving the truck. We will address assignments of error together.

The principles of review of a trial court's instructions with respect to the contentions of the parties to a lawsuit are well established. In the first place, the trial court is not required to state the contentions of the parties. *In re Will of West*, 227 N.C. 204, 41 S.E. 2d 838 (1947) (decided under predecessor G.S. 1-180). However, when he does so he must give equal stress to the contentions of each party. G.S. 1A-1, Rule 51(a); *Watt v. Crews*, 261 N.C. 143, 134 S.E. 2d 199 (1964) (applying "old" G.S. 1-180); *Comer v. Cain*, 8 N.C. App. 670, 175 S.E. 2d 337 (1970) (applying "new" G.S. 1A-1, Rule 51(a)). Nevertheless, the trial court's duty to give equal stress to the contentions of each party does not require that each statement must be of equal length so long as each party's contentions receive equal emphasis. *Comer v. Cain, id.*

The focus of our inquiry is upon the trial court's treatment of the contributory negligence issue. The contentions concerning this issue were handled similarly to those concerning the first issue: defendant's negligence. The court first explained the concept of negligence and then stated, "the plaintiff contends, and the defendant denies, that the defendant, Eddie Howard Jones, was negligent in one or more of the following respects". The court thereafter enumerated plaintiff's contentions gleaned from the pleadings and evidence concerning defendant's primary negligence. The court also explained the duty of care relevant to each of plaintiff's contentions. Thereafter, on the second issue, the trial court addressed defendant's contentions. The court, after explaining the concept of contributory negligence, stated, "the defendant contends, and the plaintiff denies, that the plaintiff was negligent in one or more of the following respects". The court then summarized defendant's contentions that plaintiff rode with defendant while he knew or should have known that defendant was driving while intoxicated, and that plaintiff failed at any time to protest the manner in which defendant was operating the vehi-

cle. He did not give any contentions of plaintiff on the second issue.

In our opinion, the trial court failed to give equal stress to the primary contentions of the parties as required by G.S. 1A-1, Rule 51(a), and the relevant case law. Upon a cursory review of the record, it first appears that the trial court equally stressed plaintiff's contentions with respect to the first issue and defendant's contentions with respect to issue two. However, under the peculiar posture of this case, this did not satisfy the mandate of the statute. It became apparent as the trial progressed that defendant had conceded negligence and had focused his defense on the issue of contributory negligence. Defendant's theory was to so clearly establish his own intoxication and negligence that the jury would conclude that plaintiff was negligent and assumed the risk by entering, and continuing to ride in, the truck being driven by defendant. Defendant's defense was based partially upon the theory that a passenger who voluntarily enters an automobile with knowledge that the driver is intoxicated is guilty of contributory negligence *per se. See Atwood v. Holland*, 267 N.C. 722, 148 S.E. 2d 851 (1966); *Bank v. Lindsey*, 264 N.C. 585, 142 S.E. 2d 357 (1965); *Davis v. Rigsby*, 261 N.C. 684, 136 S.E. 2d 33 (1964). Defendant also relies on the alleged failure of plaintiff to remonstrate with the driver concerning his negligent control of the truck. *See Beam v. Parham*, 263 N.C. 417, 139 S.E. 2d 712 (1965); *Mason v. Johnston*, 215 N.C. 95, 1 S.E. 2d 379 (1939).

With the case in this posture, in our opinion, it was necessary for the trial court, after having stated defendant's contentions, to state plaintiff's contentions with respect to the second issue concerning contributory negligence. *See Watt v. Crews*, supra. At a minimum, the trial court should have stated that plaintiff contended (1) defendant was not noticeably under the influence of alcohol when they entered the truck, and that (2) when defendant's reckless driving became apparent to plaintiff, he did in fact remonstrate as best he could under the circumstances. In order effectively to give equal stress to the contentions of the parties, those contentions of a party which are summarized must be relevant to the decisive issues which develop at trial.

New trial.

Judges PARKER and MARTIN (Harry C.) concur.