BETTY EVANS DOBSON AND HUSBAND, FRANK TIM DOBSON v. GLORIA HUNT HONEYCUTT AND DONALD D. HONEYCUTT

No. 8529SC743

(Filed 21 January 1986)

1. Trial § 31— peremptory instructions

The trial court did not err in refusing to give plaintiffs' requested peremptory instruction as to defendant's negligence that, "[W]hen you come to the First Issue, the Court instructs you, that if you find the facts to be as the evidence tends to show, you will answer that Issue YES," since the instruction was not an appropriate peremptory instruction in that it did not give the jury a choice as to whether they would accept or reject the evidence but instead amounted to a request for a directed verdict.

2. Automobiles § 90.10— crossing center line—failure to mention in instructions

In an action for negligent operation of an automobile, the trial court's recapitulation of the evidence, failing as it did even to mention the compelling direct and circumstantial evidence that defendant's car was in plaintiff's car's lane of travel when the collision occurred, failed to give equal stress to the contentions of the parties; furthermore, the court erred in its final mandate to the jury by omitting any reference to the negligence of defendant in driving to the left of center, or crossing the center line, a vital aspect of the case.

Judge PARKER concurring in the result.

APPEAL by plaintiffs and defendants from *Hyatt, Judge.* Judgments entered 13 and 14 February 1985 in McDOWELL Coun-

———————————

ty Superior Court. Heard in the Court of Appeals 5 December 1985.

Plaintiffs brought an action against defendants for negligent operation of defendant Donald Honeycutt's automobile by his wife, defendant Gloria Honeycutt. Defendants counterclaimed against plaintiffs for the negligent operation of plaintiff Frank Dobson's automobile by his wife, plaintiff Betty Dobson.

At trial, plaintiffs' evidence on the question of negligence consisted of the testimony of Highway Patrolman J. A. Jones and plaintiff Betty Dobson. Jones testified in summary as follows. At about 5:00 p.m. on 20 March 1982, he investigated a collision between automobiles driven by Betty Dobson and Gloria Honeycutt. His investigation disclosed that Mrs. Dobson was driving her Buick automobile in a southeasterly direction along Harmony Grove Road, a two lane rural paved road. Mrs. Honeycutt was driving her Dodge automobile in the opposite direction. The collision occurred at a curve on a hill where the road was marked by a double yellow line. The collision occurred at about 4:45 p.m. When Jones arrived on the scene, the Dobson car was off the left side of the road, the front end against an embankment and the rear of the car on the paved portion of the road. Jones found tire marks leading from about one foot inside Dobson's lane of travel to the rear tires of Dobson's car, for a distance of about 48 feet. He also found a fresh gouge mark in the pavement about one foot inside Dobson's lane of travel. The mark was about three feet long. The left front tire of the Dobson car was burst and the left front tire and frame were "kicked back" some. The left front portion of the Dobson car was damaged. There was debris all over the road. Jones interviewed Mrs. Dobson at the scene. She told him that when she came over the crest of the hill, she saw the car on her side of the road and they "hit" on her side of the road. Jones interviewed Mrs. Honeycutt at the scene, but she did not remember the collision. Jones also talked with Mrs. Honeycutt's 6-year-old son at the scene, who told him, "My mom lost control of the car and hit the man and the other car." Before the collision, his mother said, "Look out, the man is going to hit us." When he arrived, Jones found the Honeycutt car partially off the road, with the front about 1½ feet from the center line.

Mrs. Dobson testified that she was driving along Harmony Grove Road in her right hand lane of travel. When she came

"across the hill" she saw the Honeycutt car in her lane of travel. Dobson had "no place to go." The collision occurred about three feet inside Dobson's lane of travel. When the impact occurred, it punctured Dobson's tire and sent her "varying" to the left into an embankment. The left side of the Honeycutt car struck the left side of the Dobson car.

Defendants' evidence consisted of the testimony of Barry Mingle and Eugene Edwards, members of the Nebo Fire Department, and Mrs. Honeycutt. Mrs. Honeycutt did not remember the collision, recalling nothing after she left home until being placed in an ambulance. Both Mingle and Edwards arrived at the scene soon after the collision and gave first aid. Each observed some debris near the Honeycutt car, but did not recall seeing debris in Dobson's lane of travel.

At the close of the evidence, the trial court granted plaintiffs' motion for a directed verdict as to defendants' counterclaim. The jury answered the issues of defendant Gloria Honeycutt's negligence in defendants' favor. From judgment entered on the verdict, plaintiffs appealed. Defendants appealed from the dismissal of their counterclaim.

*Byrd, Byrd, Ervin, Whisnant, McMahon & Ervin, P.A., by Robert B. Byrd and Sam J. Ervin, IV; and Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Philip J. Smith, for plaintiffs.*

*Watson and Hunt, by Frank H. Watson and Charlie A. Hunt, Jr.; and Coats & Pool, by Donald F. Coats, for defendants.*

WELLS, Judge.

Plaintiffs contend that the trial court erred in its instructions to the jury. We agree and award plaintiffs a new trial. Defendants contend the trial court erred in dismissing their counterclaim. We disagree and affirm the trial court's order.

### Plaintiffs' Appeal

[1] Plaintiffs first assign error to the trial court's refusal to give a peremptory instruction as to defendant Gloria Honeycutt's negligence. The requested instruction was as follows: "[W]hen you come to the First Issue, the Court instructs you, that if you find the facts to be as the evidence tends to show, you will answer

that Issue YES." Peremptory instructions in an appropriate case have long been accepted practice in North Carolina. *See* 12 *Strong's N.C. Index*, Trial § 31 (3d ed. 1978) and cases cited therein and Shuford, *N.C. Civ. Prac. & Proc.* § 51-4 (2d ed. 1981) and cases cited therein. When all the evidence offered suffices, if true, to establish the controverted fact, the Court may give a peremptory instruction—that is, if the jury finds the facts to be as all the evidence tends to show, it will answer the inquiry in an indicated manner. Denial of an alleged fact raises an issue as to its existence even though no contradictory evidence has been offered. *Chisholm v. Hall*, 255 N.C. 374, 121 S.E. 2d 726 (1961); *see also Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971).

While we view the evidence in this case as entitling plaintiffs to an appropriate peremptory instruction, the instruction requested by plaintiffs was not appropriate and amounted to a request for a directed verdict. An appropriate peremptory instruction must make it clear that the jury should be guided by what they find the greater weight of the evidence to be and should make it clear that the jury may accept or reject the evidence: they may answer the issue either *yes* or *no*, that is, that they have a choice as to how they answer the issue. *See, e.g.*, an approved form of instruction stated in *Terrell v. Chevrolet Co.*, 11 N.C. App. 310, 181 S.E. 2d 124 (1971) and N.C. Pattern Jury Instructions—Civil 101.65 (1982). This assignment is overruled.

[2]   In their second and third assignments of error, plaintiffs contend that in its instructions to the jury, the trial court failed to properly recapitulate the evidence and failed to properly apply the law to the evidence. At the time of the trial, the controlling statute, N.C. Gen. Stat. § 1A-1, Rule 51(a) of the Rules of Civil Procedure, provided:

> In charging the jury in any action governed by these rules, no judge shall give an opinion whether a fact is fully or sufficiently proved, that being the true office and province of the jury, but he shall declare and explain the law arising on the evidence given in the case. The judge shall not be required to state such evidence except to the extent necessary to explain the application of the law thereto; provided, the judge shall give equal stress to the contentions of the various parties.

The trial court's summary of the evidence, in pertinent part, was as follows:

> The plaintiffs have offered evidence tending to show that on March 20th, 1984 at about 4:45 P.M., Mrs. Betty Evans Dobson was driving a 1976 Buick automobile in a southeasterly direction on a rural paved road in McDowell County; that her automobile collided with a 1973 Dodge automobile travelling in a northwesterly direction on the same rural paved road in McDowell County; that the 1973 Dodge automobile was driven by Mrs. Gloria Honeycutt; that the collision occurred southeast and left of the hillcrest . . . .

> The defendants offered evidence tending to show that on March 20th, 1984, at about 4:45 P.M., Mrs. Gloria Honeycutt was driving a 1973 Dodge automobile in a northwesterly direction on a rural paved road in McDowell County; that her son, age 6, was with her; that she does not remember the wreck; that her son told Officer Jones that she said "look out, that man is going to hit us, before she lost control of her car." That her automobile collided with the 1976 Buick automobile driven by Mrs. Betty Evans Dobson which was travelling in a southeastern direction on the same rural paved road in McDowell County . . . .

This statement of the evidence, failing as it did to even mention the compelling direct and circumstantial evidence that the Honeycutt car was in the Dobson car's lane of travel when the collision occurred, failed to give equal stress to the contentions of the parties.

In its final mandate, the trial court applied the law to the evidence as follows:

> Finally, as to this issue, I instruct you that if the plaintiff has proved by the greater weight of the evidence that at the time of the collision, the defendant was negligent in one or more of the following respects either in that she operated her motor vehicle without keeping a reasonable lookout or without keeping it under proper control or without driving her vehicle as nearly as practicable within a single lane. I say, if the plaintiff has proved by the greater weight of the evidence that the defendant was negligent in any one or

more of these respects and if the plaintiff has further proved by the greater weight of the evidence that such negligence was a proximate cause of plaintiff's injury and damage, it would be your duty to answer this issue in favor of the plaintiff. On the other hand, if considering all the evidence, the plaintiff has failed to prove such negligence or proximate cause, then it would be your duty to answer this issue "no" in favor of the defendant.

This instruction totally omitted any reference to the negligence of defendant Gloria Honeycutt in driving to the left of center (or crossing the center line), a vital aspect of this case.

For errors in the jury instructions, there must be a new trial.

### Defendants' Appeal

Plaintiffs' motion for a directed verdict on defendants' counterclaim tested the legal sufficiency of the evidence to take the question of plaintiffs' negligence to the jury and support a verdict for defendants. On the motion, defendants' evidence must be taken as true, giving defendants the benefit of every reasonable inference to be drawn therefrom. Plaintiffs' motion was not properly allowed unless it appears as a matter of law that defendants could not recover of plaintiffs upon any reasonable view of the facts which the evidence reasonably tended to establish. If, when so viewed, the evidence is such that reasonable minds could differ as to whether defendants were entitled to recover of plaintiffs, the motion was not properly granted. *See Koonce v. May*, 59 N.C. App. 633, 298 S.E. 2d 69 (1982) and cases cited therein. Applying these principles to the evidence in this case, we conclude that there was no evidence more than a scintilla of negligence on the part of Betty Dobson, *Hunt v. Montgomery Ward & Co.*, 49 N.C. App. 642, 272 S.E. 2d 357 (1980) and that plaintiffs' motion was properly allowed.

The results are:

As to plaintiffs' appeal,

New trial.

As to defendants' appeal,

No error.

Judge ARNOLD concurs.

Judge PARKER concurs in the result.

Judge PARKER concurring in result.

I concur in the result, but I would overrule plaintiffs' first assignment of error regarding the peremptory instruction for a different reason. Under the authority of *Electro Lift, Inc. v. Miller Equipment Company*, 270 N.C. 433, 154 S.E. 2d 465 (1967), a trial judge in giving a peremptory instruction in his charge to the jury must give the jury the opportunity for either an affirmative or negative response, and I agree with the majority that the proper form for the instruction is as set forth in the civil pattern jury instructions. However, in my view plaintiffs' request in the case at bar was a sufficient request for a peremptory instruction. There is ample case authority suggesting that the request made by plaintiffs is a peremptory instruction. In fact, in *Chisholm v. Hall*, 255 N.C. 374, 121 S.E. 2d 726 (1961), the court suggested that the words "if you find the facts to be as all the evidence tends to show" are a peremptory instruction. Rodman, J., writing for the Court stated:

> When all the evidence offered suffices, if true, to establish the controverted fact, the court may give a peremptory instruction—that is, if the jury find the facts to be as all the evidence tends to show, it will answer the inquiry in an indicated manner. Defendant's denial of an alleged fact raises an issue as to its existence even though he offers no evidence tending to contradict that offered by plaintiff. A peremptory instruction does not deprive the jury of its right to reject the evidence because of lack of faith in its credibility. (Citing cases.)

255 N.C. at 376, 121 S.E. 2d at 728. *See also Heating Co. v. Construction Co.*, 268 N.C. 23, 149 S.E. 2d 625 (1966).

However, I am of the opinion that this assignment of error should be overruled for the reason that upon the evidence presented plaintiff was not entitled to a peremptory instruction and the trial judge did not err in denying the request.