COOKE v. GRIGG

[124 N.C. App. 770 (1996)]

━━━━━━━━━━

FRANK P. COOKE, JR., AS ADMINISTRATOR OF THE ESTATE OF DOROTHY COOKE, AND FRANK P. COOKE, INDIVIDUALLY, PLAINTIFFS V. JEFFREY TIM GRIGG AND JEANNIE LYNN BEAVER, DEFENDANTS

No. COA96-125

(Filed 17 December 1996)

1. **Evidence and Witnesses § 1974 (NCI4th)— report contained circumstances contributing to collision—no objection on hearsay grounds—plaintiff not prejudiced**

The trial court did not err by admitting and publishing to the jury the highway patrol officer's accident report without striking out that portion of the report entitled "circumstances contributing to the collision" in which the patrolman checked a box marked "unable to determine" as to defendant driver where (a) the plaintiffs did not object on a hearsay ground and this ground was not apparent from the context; and (2) the patrolman did not express an opinion as to how the collision occurred but actually disavowed any assessment of the defendant's fault.

**Am Jur 2d, Evidence § 1359.**

2. **Automobiles and Other Vehicles § 721 (NCI4th)— plaintiffs' contentions not vital and decisive—no error**

The court did not fail to give "equal stress" to the parties' contentions as required by N.C. R. Civ. P. 51(a) by its refusal to state plaintiffs' contention that defendant operated his vehicle after suffering from blackout and dizzy spells in the past without regard to the consequences a potential blackout would have on his driving because the court's instruction on plaintiffs' con-

tention about defendant's failure to keep his vehicle under proper control was inclusive of the refused instruction.

**Am Jur 2d, Automobiles and Highway Traffic § 1120.**

**3. Automobiles and Other Vehicles § 536 (NCI4th)— driver's incapacities unforeseeable—defendant not predisposed to blackouts**

There was sufficient evidence that the defendant driver's sudden incapacitation was unforeseeable so that this issue was properly submitted to the jury where the defendant presented evidence which tended to show that, although he had experienced "blackouts" over six years prior to the accident, none of these occurred while he was driving a car. Further, there was medical testimony that the defendant passed out as the result of a "syncopal spell" and that, prior to the accident, there was no reason to believe that defendant was predisposed to have recurrent blackout episodes without warning.

**Am Jur 2d, Automobiles and Highway Traffic § 773.**

Appeal by plaintiffs from judgment entered 21 July 1995 by Judge Raymond A. Warren in Gaston County Superior Court. Heard in the Court of Appeals 9 October 1996.

*Alala Mullen Holland & Cooper, P.A., by H. Randolph Sumner and Jesse V. Bone, Jr., for plaintiffs-appellants.*

*Burton & Sue, L.L.P., by Walter K. Burton and James D. Secor, III, for defendant-appellee Grigg.*

LEWIS, Judge.

On 5 July 1994, Dorothy Cooke was fatally injured in an automobile accident with defendant Jeffrey Tim Grigg when Grigg's vehicle suddenly crossed a median and struck Cooke's vehicle. The evidence showed that, at the time of the accident, Grigg "blacked out" and lost control of his vehicle.

On 23 November 1994, plaintiffs filed this wrongful death action against Grigg and Jeannie Lynn Beaver, the vehicle owner. The case was tried with a jury at the 18 July 1995 Civil Session of Gaston County Superior Court, Judge Raymond A. Warren presiding. During the trial, plaintiffs took a voluntary dismissal of their claims against defendant Beaver. The jury found that Dorothy Cooke's death was not

caused by the negligence of defendant Grigg. On 21 July 1995, the court entered judgment in favor of defendant Grigg. Plaintiffs appeal from the judgment.

**[1]** First, plaintiffs contend that the trial court erred by admitting and publishing to the jury the highway patrol officer's accident report without striking out that portion of the report entitled "circumstances contributing to the collision." In this portion of the report, the patrolman checked a box marked "unable to determine" as to defendant Grigg. Plaintiffs assert that this was inadmissible opinion testimony.

Both of the cases cited by plaintiffs, *Wentz v. Unifi, Inc.*, 89 N.C. App. 33, 365 S.E.2d 198, *disc. review denied*, 322 N.C. 610, 370 S.E.2d 257 (1988), and *Keith v. Polier*, 109 N.C. App. 94, 425 S.E.2d 723 (1993), dealt with hearsay objections to police accident reports. Here, plaintiffs did not object on a hearsay ground and this ground was not apparent from the context. Thus, the hearsay issue has not been preserved for our review. *See* N.C.R. App. P. 10(b)(1) (1996); *State v. Howell*, 335 N.C. 457, 471, 439 S.E.2d 116, 124 (1994).

However, *Wentz* also deals with the admissibility of a patrolman's opinion in his accident reports, *see Wentz*, 89 N.C. App. at 39, 365 S.E.2d at 201, an issue properly preserved by plaintiffs. In *Wentz*, the Court concluded that the patrolman did not express an opinion as to how the collision occurred either in the reports or in his testimony and that he actually disavowed any assessment of the plaintiff's fault. *Id.* at 40, 365 S.E.2d at 201-202. For this reason, the court held that the plaintiff was not prejudiced by the reports. *Id.*

Here, we find the response "unable to determine" also is not an expression of an opinion by the patrolman. At most, this response only indicates the patrolman's lack of an opinion as to defendant Grigg's role. Plaintiffs' first assignment of error is without merit.

**[2]** Plaintiffs also contend that the court failed to give "equal stress" to the parties' contentions as required by N.C.R. Civ. P. 51(a). We disagree.

The court instructed the jury that plaintiffs contended that defendant was negligent by failing to use ordinary care by failing to keep his vehicle under proper control. Plaintiffs also asked the trial judge to state their contention that defendant Grigg operated his vehicle after suffering from blackout and dizzy spells in the past without regard to the consequences a potential blackout would have on

his driving. He refused ruling that his statement of plaintiffs' contention regarding defendant Grigg's failure to keep his vehicle under proper control was adequate because it was inclusive of the other requested contention. We agree.

Furthermore, in the cases relied upon by plaintiffs, *Dobson v. Honeycutt*, 78 N.C. App. 709, 338 S.E.2d 605 (1986), and *Daniels v. Jones*, 42 N.C. App. 555, 257 S.E.2d 120, *disc. review denied*, 298 N.C. 567, 261 S.E.2d 120 (1979), the trial court failed to summarize the plaintiffs' contentions as to vital and decisive issues in the case. *See Dobson*, 78 N.C. App. at 713-14, 338 S.E.2d at 607-608; *Daniels*, 42 N.C. App. at 559, 257 S.E.2d at 122-23. This type of omission did not occur here. Plaintiffs' second assignment of error is without merit.

[3] In their third assignment of error, plaintiffs contend that defendant produced insufficient evidence that the sudden incapacitation experienced by defendant Grigg was unforeseeable and that, therefore, the defense of sudden incapacitation should not have been submitted to the jury. We disagree.

A party asserting the defense of sudden incapacitation has the burden to produce evidence showing that the incapacitation was unforeseeable. *Mobley v. Estate of Johnson*, 111 N.C. App. 422, 424-25, 432 S.E.2d 425, 427 (1993). At trial, defendant Grigg presented evidence which tended to show that, although he had experienced "blackouts" over six years prior to the accident, none of these occurred while he was driving a car but under very different circumstances. In addition, since these "blackouts" occurred over six years prior to the accident, there was evidence to support the conclusion that it was not foreseeable that defendant Grigg would experience a blackout on the day of the accident.

There was also medical testimony to support the conclusion that the symptoms defendant Grigg experienced just prior to "blacking out" that day were too vague and nonspecific to put him on immediate notice that he was going to lose consciousness. Several of the symptoms he experienced prior to blacking out were different from those he had experienced prior to the blackouts over six years earlier. In addition, his doctor testified that defendant Grigg passed out as the result of a "syncopal spell" and that, prior to the accident, there was no reason to believe that defendant Grigg was predisposed to have recurrent blackout episodes without warning.

As there was sufficient evidence that defendant Grigg's sudden incapacitation was unforeseeable, plaintiffs' third assignment of error is without merit.

No error.

Judges WALKER and MARTIN, Mark D. concur.